# Fleming *versus* Ramsey.

*Owner of private road, duty of, as to maintaining fences.*—*Consideration for contract, what is sufficient.*

1. One who enjoys a private road through the land of another must fence it, though originally laid out under the Act of April 6th 1802 : and that duty devolves upon him by the common law of Pennsylvania, whether or not required by the Act of 1802, or whether the road, as laid out, is or is not within the provisions of the Road Law of 13th June 1836.

2. An agreement between the parties that the defendant would keep up the fence if found to be on the plaintiff's land, is not *nudum pactum*, for the compromise of a doubtful right is a sufficient consideration : nor is it within the Statute of Frauds and Perjuries, for such agreements are not subject to that statute.

ERROR to the District Court of *Allegheny county*.

This was an action on the case by John Ramsey against James R. Fleming, to recover damages for the defendant's neglect and refusal to fence a private road leading from "the Keen Farm" through the plaintiff's land, to the Washington road, and used by the defendant as the owner and occupant of the farm.

This road was laid out in 1818, upon the petition of Timothy Keen, from his own land through the land of Jacob Harger, now owned by the plaintiff, and ordered to be opened at the expense of the petitioner, of the width of twenty feet. It was soon after opened, and, with the exception of a trifling change at one point, has been used ever since by Timothy Keen and the subsequent owners and occupants of "the Keen Farm," as originally laid out. The land through which the road was laid out and opened was afterwards conveyed by Harger to Samuel Borland, who, by deed bearing date the 10th of April 1837, conveyed it to the plaintiff, who still owns and occupies the same, with the exception of about twenty acres conveyed to his son, John Ramsey, Jr. The length of the road through plaintiff's land, excluding the portion embraced in the twenty acres owned by John Ramsey, Jr., is about one hundred and eight, or one hundred and ten perches.

Timothy Keen, for whose use the said road was laid out, by

[Fleming *v.* Ramsey.]

deed bearing date April 30th 1838, sold and conveyed "the Keen Farm" to Thomas Burt, who, by deed dated May 3d 1839, granted and conveyed the same to the defendant, James R. Fleming, who, with his tenants, in the occupancy of said farm, have since used the said road. In 1856 the defendant also purchased a portion of what constituted the Harger tract, when the road was laid out, immediately adjoining "the Keen Farm," and extending along the plaintiff's line, where the road is opened for the distance of one hundred and eight perches.

On the trial, John Ramsey, Jr., was admitted as a witness for plaintiff, under exception to his competency on the ground of interest.

The plaintiff contended that he was entitled to maintain this action on two grounds:

1st. That by the Act of 13th June 1836, it is made the defendant's duty, as owner and occupant of "the Keen Farm," to fence the road through plaintiff's land.

2d. The defendant, for a sufficient consideration, undertook and promised the plaintiff to fence the said road, and to keep the fence in repair.

The defendant denied that he was bound by the Act of 13th June 1836, to fence the road used by him through plaintiff's land, because the road was laid out and opened under the Act of 6th April 1802, which contained no provision requiring the road to be fenced at the expense of the person or persons at whose request the same was laid out; and because the Act of the 13th June 1836 was not intended to apply to private roads already laid out and opened, but only to such as should thereafter be laid out and opened.

The defendant accordingly requested the court to instruct the jury,

1. That this road being laid out under the Act of 6th April 1802, the petitioner for the road, Timothy Keen, his heirs and assigns, were not bound nor liable to fence said road, and even had the defendant, which is denied, promised to pay the plaintiff for the fencing done to said road, it is a *nudum pactum*, and the plaintiff cannot recover.

2. That if the jury believe that the farm of Timothy Keen, the original petitioner for said road, is now owned by the defendant, Jacob Bradwell, Thomas Steele, Esq., and John Silk, as vendees under the Timothy Keen title, and that they and their tenants, as owners of the said Keen land, used said road, then all said parties, and not the defendant alone, would be liable for fencing said road, if Timothy Keen, his heirs and assigns, are liable by law to fence the same, and plaintiff cannot recover in this case.

[Fleming *v.* Ramsey.]

3. If the jury believe that this road was laid through the Harger farm from the land of T. Keen, and that the plaintiff and his son, as vendee or owner under him, of part of said Harger land, and also the Methodist church, Charles Matters, vendees of the said Harger land, all use the said road, and have so used it for years before said suit was brought, in connection and in common with the vendees of the Timothy Keen farm, then the plaintiff cannot recover in this case.

4. The Court of Quarter Sessions has jurisdiction of the whole matter to fix and apportion the amount that each party using said road shall contribute, and make all necessary and proper decrees in the premises, and the District Court has not jurisdiction of the subject-matter of this case, and the plaintiff cannot recover.

5. That if the jury believe that a second arrangement and agreement was made on the ground different from the one (if any was made) before the surveyors went on the ground, the second is the agreement, and the first is superseded, and there is no such agreement proved to have been made on the ground as would entitle plaintiff to a verdict.

6. That if the jury believe that the vendors under whom both parties claim, had agreed many years ago that the plaintiff's vendees, their heirs and assigns, should keep up the fence claimed for in this case at their own expense, and it has always been so kept up, there is nothing in this case which would entitle the plaintiff to recover.

7. That there is no such agreement proved in this case as takes the case out of the Statute of Frauds; the alleged agreement is not in writing, and void.

8. The plaintiff is barred by the Statute of Limitations; and,

9. That on all the evidence the plaintiff cannot recover.

The learned judge before whom the case was tried, after stating the facts of the case, charged the jury as follows:—

· " What construction, then, is to be given to the Act of 13th June 1836? What is its meaning, and the extent of its application? It seems to me that its provisions are general, and that it was intended to embrace all private roads, whether laid out and opened before or after the date of its passage. There is nothing in its terms expressly limiting and restricting its application to roads thereafter to be laid out. The duty which it imposes is founded on the clearest principles of equity and justice, and there is the same reason for requiring its performance in the one case as in the other. Looking, then, at the terms of the provision, and the reasons for its requirements, there appears to be no ground for the construction contended for by the defendant's counsel in this case.

"Perhaps it would not be a constrained construction to hold

[Fleming v. Ramsey.]

that the provision in the Act of 1802, that a private road 'should be opened and kept in repair by and at the expense of the person or persons at whose request the same was granted and laid out,' embraces, by implication, the duty of fencing the same. Such seems to have been the opinion of the commissioners who reported the Act of 1836, for, in their remarks upon the various provisions, they do not intimate that they have made any change in the law in this respect. Whether the Act of 1802 is susceptible of such a construction or not is a question not necessary to be determined in this case, as [the Act of 1836 makes it the duty of all persons, their heirs and assigns, for whose use a private road is laid out and opened, to fence the same. The defendant, then, as the owner and occupant of 'the Keen Farm,' is bound to fence the road through the plaintiff's land, so long as he continues to use the same in connection with his occupancy of the said farm.] The duty of fencing the said road arises out of his use of the said road in connection with his ownership and occupancy of 'the Keen Farm,' and not from the use of the said road, in connection with his ownership and occupancy of a portion of the Harger tract.

"II. The plaintiff alleges, in substance, that after he had taken a nonsuit, in consequence of the non-attendance of his witnesses, in a previous action brought against the defendant for his neglect and refusal to fence the road, it was proposed by the defendant, and agreed to by the parties, in order to settle the controversy between them—the plaintiff claiming that the road was on his land, and therefore the defendant was bound to fence it, the defendant denying that the road was on the plaintiff's land, and alleging that it was on his own land, and therefore he was not bound to fence it—that three surveyors should be chosen to ascertain and determine on whose land the road was actually laid, and if it was found to be on plaintiff's land, that then the defendant would fence the said road, but if it was found to be on the defendant's land, then the plaintiff would keep up the fence along the said road: that the parties accordingly selected three surveyors for the purpose, who were notified to meet on the ground, and on the day appointed two of the surveyors attended, and in the absence of the third, it was then and there agreed by the said parties that the two surveyors in attendance should run and fix the line dividing the plaintiff's land from the defendant's, and thus ascertain and determine on whose land the said road was actually laid—and that the line so run and fixed by the said surveyors should be final and conclusive of the dispute between the said parties; that the line was accordingly run and marked on the ground by the said surveyors, and it was found that the road was wholly on plaintiff's land.

"The defendant denies that any such agreement as alleged was

[Fleming *v.* Ramsey.]

made between him and the plaintiff; and his counsel contends that if the evidence proves anything, it proves that two agreements, different in their character, were made; one at the office of Mr. Mahon, testified to by Mr. Aughinbaugh, and the other on the ground, testified to by the surveyors: and that the alleged agreement, if proved, was a *nudum pactum*, and the defendant is not bound by it.

"The jury will determine, from the evidence, whether any agreement, such as alleged by the plaintiff, was made between the parties; what were the terms of such agreement, if any were made; and whether there was any, and what change made in the agreement by the parties on the ground, in the presence of the two surveyors? Did the defendant, in order to settle the dispute between himself and the defendant, agree that if the road was on plaintiff's land he would fence it, and did the parties select three surveyors named, for the purpose of determining on whose land the road was actually laid? And did they afterwards agree that the two surveyors in attendance, instead of the three named, should run and determine the line dividing the plaintiff's land from the defendants, for the purpose of ascertaining on whose land the road was actually laid and opened?

"If the jury find that there was a controversy between the parties in regard to the fencing of this road, and that in order to settle and determine the dispute, the defendant agreed that if the road was on the plaintiff's land he would fence it, and that for the purpose of determining whether the road was on the plaintiff's or defendant's land the parties agreed to select, and did select three surveyors to run, ascertain, and fix the line between them; and that on failure of one of the surveyors to attend on the day appointed, they then agreed that the two in attendance should run and ascertain the said line for the purpose of determining on whose land the said road was actually laid, and did agree that the line so run and fixed by them should be final and conclusive of the dispute between them; and that said line, as run and marked on the ground by the said surveyors, showed the road to be wholly on plaintiff's land—then there was a sufficient consideration to support the agreement, and this action will be thereon for the defendant's failure to perform the same. The compromise and settlement of the controversy between the parties was a sufficient consideration to support the alleged agreement, and the defendant was bound to perform it, independent of his liability to fence the road under the provisions of the Act of Assembly, and without reference to the question of his liability under said act.

"III. Another ground of defence set up to this action, is that the defendant is not now, nor was he at the institution of the action, the sole owner of 'the Keen Farm,' but that parts of it are owned

[Fleming *v.* Ramsey.]

by Jacob Bradwell, Thomas Steele, and John Silk. The evidence shows that the defendant, some years after his purchase, sold thirty-two acres to Jacob Bradwell, one acre to John Silk, and the eighth of an acre to William Silk, now owned by Thomas Steele, in connection with other land. We may set aside, as irrelevant to the question, the acre and an eighth sold to the Silks, as the evidence shows that these pieces have no connection with the road. The evidence shows that Bradwell occasionally uses the road. Is the fact that Bradwell so uses the road in connection with his occupancy of his portion of ' the Keen Farm,' sufficient to defeat this action, and prevent the plaintiff from recovering from the defendant? It may be true, as contended by defendant's counsel, that Bradwell is bound to contribute to the expense of fencing the road, and keeping the fence in repair. But the court decline to charge that there can be no recovery against the defendant in this action, because Bradwell may be also bound to bear a portion of the expense of fencing the said road. The law imposes upon the defendant, as owner and occupant of ' the Keen Farm' (excepting the part sold), the duty of fencing, or contributing to the expense of fencing the road through plaintiff's land, so long as he continues to use and travel the same; and this court has jurisdiction to enforce the performance of this duty, and to compel the payment of such damages as the plaintiff may have sustained, in consequence of the defendant's neglect and refusal to perform his duty in this behalf. Under the Act of 1836, the defendant is bound to contribute his proportion to the expense of fencing the road over plaintiff's land, and for his failure in this respect, the plaintiff may maintain this action, and recover such damages as he may have sustained thereby. If the jury find that the defendant agreed to keep up the fence along the road if it was on plaintiff's land, as he now admits it to be, then he is liable for such damages as the plaintiff may have sustained by his failure to fulfil his promise.

" IV. If other parties, who have not obtained the right to use the road in the mode provided by law for this purpose, occasionally use the said road, this will not prevent the plaintiff from maintaining this action against the defendant; nor will the fact that the plaintiff occasionally may have used the road, defeat his right to maintain the action. As owner of the land over which the road is laid out, he has a right to use it in any way that will not prejudice or obstruct the defendant's right of way. The defendant has only an easement, the right of passing and repassing over plaintiff's land. As owner of the soil, the plaintiff has a right to pass over the same, if he does not obstruct the defendant in the enjoyment of his easement.

" The defendant's 1st, 2d, 3d, 4th, and 5th points are sufficiently answered in the charge, and the court, under the evidence

10 Wr.—17

in this case, decline to charge as requested in the 6th, 7th, 8th, and 9th points.

" If the plaintiff is entitled to recover, he is entitled to such damages as he has sustained in consequence of the defendant's neglect and failure to perform his duty; and in no aspect of the case should the damages exceed the cost and expense of fencing the road through plaintiff's land, and keeping the same in repair for a period of more than six years prior to the commencement of this action."

Under these instructions, there was a verdict and judgment in favour of the plaintiff. The case was thereupon removed to this court, when the refusal of the court below to affirm the above points, the admission of John Ramsey, Jr., as a witness, and that portion of the charge which is printed above in brackets, were assigned for error.

*R. & S. Woods,* for plaintiff in error.

*W. C. Aughinbaugh* and *C. B. M. Smith,* for defendant in error.

The opinion of the court was delivered, November 12th 1863, by

WOODWARD, J.—We are entirely satisfied with the rulings of the learned judge below. If it could be demonstrated that the provision of the Road Law of 13th June 1836, which requires him who enjoys a private road through a neighbour's land, to fence it, was not intended to apply to a private road, laid out like this one under the Act of 6th April 1802, and further, that the reasonable construction of the Act of 1802 would devolve no duty of fencing on the holder of the private road, we would not hesitate to declare it to be his duty, according to the common law of Pennsylvania. Indeed, we apprehend the Act of 1836 was only declaratory of what has generally been the custom among farmers, that he who causes a private road to be laid through his neighbour's land, shall do all necessary fencing. Strictly speaking, it becomes a private road only by fencing, for only so is it separated from adjacent fields. If the cost of fencing has been assessed as damages, either under the Act of 1802 or that of 1836, let it be shown, and it would be a defence to an action like this; but it was not shown in this case, and we cannot presume it, for the legal presumption would be, that fencing was to be done by him for whom the private road exists, and therefore not accounted for as damages.

As to the agreement between the parties, it was not *nudum pactum,* for the compromise of a doubtful right is a sufficient consideration for a mutual agreement. Nor was it within the

[Fleming *v.* Ramsey.]

Statute of Frauds and Perjuries, for we have held that agreements between conterminous neighbours, about consentible lines and adjustments of boundaries, are not subject to that statute: Hagey *v.* Detweiler, 11 Casey 412.

The judgment is affirmed.