Filed Dec. 8, 1886.

No. 12,733.

BRUNER v. PALMER.

PARTITION FENCE.—*Agreement of Adjoining Owners to Maintain Distinct Portions.—Assessment of Damages.—Statute Construed.*—Under section 4848, R. S. 1881, it is competent for adjoining land-owners to agree that, instead of both maintaining the whole of the partition fence jointly, each shall maintain a distinct portion thereof, and in either event the statutory method for the assessment of damages against the party in default is applicable.

SAME.—*Notice.—Sufficiency of.*—A written notice to the owner in default that on a day and at an hour named the other owner will call upon two disinterested freeholders "to examine all of the partition fences between my land and your land in Daviess county, in the State of Indiana," and assess the amount necessary to make them sufficient, if they are deemed insufficient, is good under the statute.

SAME.—*Evidence.—Assessment Admissible Though Not Signed.—Identification.*—The assessment made by the appraisers in such case, although not signed, is admissible in evidence after it has been properly identified.

From the Daviess Circuit Court.

*J. C. Billheimer* and *J. Downey,* for appellant.
*J. Baker,* for appellee.

MITCHELL, J.—Josiah C. Palmer and Richard Bruner, being adjoining land-owners, agreed that each should maintain and keep in repair certain specified portions of a partition fence on the line dividing their lands.

Palmer charged in a complaint filed against Bruner, that while he faithfully performed his part of the agreement, the latter wholly failed, neglected, and refused to maintain in repair that part of the fence allotted to him, under the agreement, but permitted it to go into decay, so that it became insufficient to protect the crops of each from invasion by the animals of the other.

The complaint averred that the plaintiff thereupon caused notice to be served upon the defendant, to the effect that at a specified hour, on a day named,—more than three days from the date of such notice,—he would call upon two disinterested freeholders to examine the fence, and, if found insufficient, assess the amount required to make it sufficient.

It is charged further, that at the time fixed an examination and assessment were made by the persons selected, who assessed the amount required at $84.02, and that the defendant failing for more than fifteen days thereafter to make the required repairs, the plaintiff made them at a cost of $84.

The appellant predicates error on the ruling of the court in overruling a demurrer to this paragraph of the complaint.

The argument is, that because the parties agreed, as appears from the complaint, that each should keep in repair the whole of certain portions of the fence, the statutory remedy, which the plaintiff below sought the benefit of, was not available. In such a case, it is said the only remedy for the party aggrieved is by an action for damages for a violation of the agreement. This result is said to follow from a proper construction of the last clause of section 4848, R. S. 1881, which reads as follows: "Except when otherwise

specially agreed, partition fences dividing lands, occupied on both sides, shall be maintained, throughout the year, equally by both parties."

An examination of this statute leads us to a different conclusion. In the absence of an agreement by the adjoining proprietors concerning the character of the fence, or in respect to the particular part thereof to be maintained by each, the statute requires that a lawful partition fence shall be maintained throughout the year by both. In such a case, each would be required to contribute a just proportion to the maintenance of the whole. Either may repair the whole if the other refuses as to his proportion, and enforce contribution for the share of the other by the statutory method. The statute, however, permits the parties interested to agree upon certain modifications, as to the character of the fence, as that it shall only be sufficient to restrain horses, mules or cattle. By clear implication, they may also agree, that instead of both maintaining the whole fence jointly, each shall maintain the whole of such portion as may be agreed upon, separately. In either event, the statutory method for the assessment of damages against the party in default is applicable.

That one land-owner, who sustained damage by the failure of the other to perform an agreement of the character of that in question, might maintain a common law action for damages resulting from the violation of the agreement, may be conceded. It does not follow that the statutory method of ascertaining the amount required to make the fence sufficient, may not also be resorted to, in a proper case.

In respect to so much of the argument on appellant's behalf as seeks to demonstrate that the verdict is contrary to the evidence, and that it is contrary to law, waiving the point that the objections are too general to require notice, all that need be said is that an examination of the record discloses an abundance of evidence, properly admitted, which, if believed by the jury, sustains the verdict of $65 in favor of the plain-

tiff below, and shows that it is neither contrary to the evidence nor to the law.

The notice which was admitted in evidence informed the defendant below, that on a day, and at an hour named, the plaintiff would call upon two disinterested freeholders " to examine all of the partition fences between my land and your land, in Daviess county, in the State of Indiana, and assess the amount that may be required to make said fences sufficient and lawful fences, if they are deemed insufficient."

The objection made to the notice is, that it does not state with sufficient certainty where the freeholders are to meet, and that it does not describe with sufficient definiteness the fence to be repaired or rebuilt.

The purpose of the statute, as it seems to us, was to furnish a method free from unnecessary technicality, and readily available to the use of persons for whose benefit it was designed, by which to convey notice of the insufficient condition of a partition fence, and of the intention of the party giving the notice to proceed to ascertain the cost of putting the fence in repair, in the event the person notified should fail to make the repairs within fifteen days.

The notice was sufficiently definite for all the purposes for which it was intended.

The persons called upon to examine the fence and assess the amount required to make it sufficient, made an informal but detailed statement in writing, showing the number and cost of rails required, and the value of labor necessary to put the defendant's part of the fence in repair.

This paper was identified as the assessment made by the appraisers, and admitted in evidence. It was not signed, and it is now claimed that its admission was on that account improper.

The assessment is in a sense the foundation of the action. It affords *prima facie* the basis of the plaintiff's recovery. Unless, therefore, the fact that the assessment, under consid-

·eration, was not signed, rendered it incompetent, it was properly admitted in evidence.

The statute does not, in terms, require that the assessment should be signed, and considering that the proceeding was manifestly intended to be applied by plain men, without professional aid, technical objections are not to be favored. The statute was satisfied by proof that the paper in question contained the actual assessment made by the appraisers, and as it contained an intelligent statement of the assessment made, no rule of evidence was violated by admitting the paper in evidence after it was so proved. *Saunders* v. *Heaton*, 12 Ind. 20.

The judgment is affirmed, with costs.

Filed Dec. 9, 1886.