## STATE OF INDIANA EX REL. FIELO *v.* BURKIT, TRUSTEE, ET AL.

### [No. 22,451. Filed January 22, 1915.]

1. FENCES.—*Partition Fences.—Oral Agreements.—Validity.*—Oral agreements· for the division of partition fences are valid and enforceable. p. 666.

2. FENCES. — *Partition Fences. — Floodgates. — Statutes.* — While §7379 Burns 1914, Acts 1911 p. 515, §3, defining lawful partition fences and providing for their construction and repair, deals with fencing across streams, there is no statute enjoining on a township trustee the mandatory duty of causing flood gates to be erected, and a fence of the character prescribed in §7379 would be unlawful if erected across a stream. p. 667.

3. FENCES.—*Partition Fences.—Remedies.*—The statutory remedy provided by §7379 Burns 1914, Acts 1911 p. 515, §3, relating to the duties of township trustees in certain instances in the construction or repair of partition fences, is not exclusive of any relief at law or in equity that might be available in the absence of the statute. p. 668.

4. APPEAL.—*Review.—Intervening Error.*—Where a correct result has been reached in the trial court, the judgment will not be reversed for intervening error. p. 668.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the State of Indiana, on the relation of Martin Fielo, against William P. Burkit, as Trustee of Washington Township in Cass County, and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*Long, Yarlott & Souder,* for appellant.

*McConnell, Jenkines, Jenkines & Stuart* and *Rabb & Mahoney,* for appellees.

MORRIS, J.—Mandamus action by appellant against appellee township trustee, for a mandatory order requiring him to cause to be constructed, as a part of a partition fence, a

flood gate across a public ditch known as Rock Creek drain. The complaint alleges that relator and appellees Hoover and Hoover own adjoining lands separated by a partition fence running north and south; that previous to the year 1911 such fence had been divided under an oral agreement by which relator took the south half of the fence for maintenance and repair, and appellees took the north half, which is crossed by the public drain; that to turn farm animals it is necessary to construct and maintain a flood gate across the stream; that said Hoovers had maintained such flood gate at such point previous to January, 1912, but that at said time it was destroyed by a flood, and thereafter relator demanded of them that they replace the same, but that they refused to do so. Issues were formed and a trial had with special finding of facts. Judgment for defendants.

For many years we have had statutes requiring township trustees to cause, in certain instances, the construction or repair of partition fences at the expense of a defaulting landowner. §3 of act of March 6, 1911, Acts 1911 p. 515, §7379 Burns 1914; Acts 1897 p. 184, §7378 Burns 1908; §6565 Burns 1894, Acts 1891 p. 398. The statutes of recent years define lawful partition fences as a straight board and wire, straight wire, straight board or picket, each four feet high, or straight rail four and one-half feet high or worm rail five feet in height, all fences sufficiently tight and strong to hold hogs, horses, sheep, mules and cattle. Oral

1. agreements for the division of partition fences are valid and enforceable. *Baynes* v. *Chastain* (1879), 68 Ind. 376; *Bruner* v. *Palmer* (1886), 108 Ind. 397, 9 N. E. 354.

The trustee by his third paragraph of answer avers in substance that because of the character of the stream it is impracticable to construct a flood gate across it sufficient to turn farm animals. Appellant's demurrer to this paragraph was overruled and this ruling is assigned as error.

The court found specially that the ditch at the fence cross-

ing is thirty feet wide and eight feet deep, and in rainy weather the water flows in a swift current, and frequently overflows its banks; that its bottom is composed of sand, gravel and clay; that at times during the last ten years holes were washed under a flood gate, when in existence, which permitted hogs to pass under it in times of low water; that it is impracticable to maintain a flood gate or other fence across Rock Creek, at the fence crossing, which will effectually restrain hogs. The court concluded on the facts found, that the law was with the defendants. This conclusion is assailed as erroneous. Appellees claim the judgment must be affirmed because the law enjoins no duty on a township trustee to cause flood gates to be constructed across streams or public drains pursuant to any statute or any agreement of adjoining landowners.

While the next to the last proviso of §3 of the act of 1911, *supra,* deals with fencing across streams, appellant claims that such proviso can not affect the rights of the relator, because whatever contract was made between the parties here took effect previous to the act of 1911, and that it is not competent for the legislature to pass any act that would impair the obligations of the contract. We are of the opinion that appellees' contention must prevail. While in a general sense a flood gate may be deemed a fence we are constrained to hold that no law of Indiana enjoins on a township trustee the mandatory duty of causing flood gates to be erected across streams or public drains, regardless of any agreement of landowners, however specific. The relator does not seek to have a fence, of the character the statute declares lawful, constructed across the creek. Indeed the erection of such fence would be unlawful because obstructive of a public drain. §2686 Burns 1914, §2153 R. S. 1881. He seeks the construction of a flood gate, without even averring that the parties ever agreed on the character or quality of such barrier. It is manifest that the construction of a serviceable flood gate at this place might well

call for the expert assistance of a civil engineer. No doubt other situations present much greater difficulties. What would be a proper barrier in one place might be entirely inefficient in another. In truth the practicability of any proposed flood gate must depend on the facts of the particular situation. It is not claimed that the statute in express terms commands trustees to cause the construction of flood gates. We perceive no reason whatever for concluding that such duty is implied. Indeed if such duty were enjoined in express terms it would in many cases be impossible of wise performance unless the trustee might receive expert assistance in the preparation of plans and specifications for the proposed work.

Counsel for appellant say that if there is no relief by the method adopted here, the relator is without remedy. This is manifestly erroneous. The statutory remedy 3. sought by relator is not exclusive of any relief at law or in equity that might be available in the absence of the statute. *Bruner* v. *Palmer, supra,* 399.

Section 700 Burns 1914, §658 R. S. 1881, restrains the power of this court to reverse a judgment where it affirmatively appears that the trial court reached the right 4. result. Conceding that the third paragraph of answer was bad, it was nevertheless good enough for a complaint that stated no cause of action. Regardless of intervening errors the correct result was reached, and the judgment is affirmed.

Lairy, J., not participating.

Note.—Reported in 108 N. E. 113. As to partition fences, see 68 Am. Dec. 626. As to the validity of an oral agreement as to erection or maintenance of fences, see 27 L. R. A. (N. S.) 226; Ann. Cas. 1912 C 470. See, also, under (1) 19 Cyc. 471; (2) 19 Cyc. 472; (3) 1 Cyc. 709; (4) 3 Cyc. 383.