(November 2, 1918.)

GEORGE P. SMITH, Respondent, v. C. H. BENSON, Appellant.

[178 Pac. 480.]

APPEAL AND ERROR—MOTION FOR NEW TRIAL—RECORD ON APPEAL.

Where the transcript does not contain a certificate showing what papers, records and files were used and considered on the hearing of a motion for a new trial, an order denying such motion cannot be reviewed upon appeal.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. James R. Bothwell, Presiding Judge.

Action for damages. Judgment for plaintiff. *Appeal dismissed.*

O'Brien & Glennon, for Appellant.

"When public land is surveyed by the government and filed upon by a qualified entryman, it ceases to be public land." . (*Cheney v. Minidoka County,* 26 Ida. 471, 144 Pac. 343, 347; *Johnson v. Oregon Short Line R. R. Co.,* 7 Ida. 355, 63 Pac. 112, 53 L. R. A. 744; *Brown v. Kennedy (Union Pac. Ry. Co. v. Kennedy),* 12 Colo. 235, 20 Pac. 696.)

"When the entry of land is made and the certificate given, the particular land is segregated from the mass of public lands and becomes private property." (*Witherspoon v. Duncan,* 4 Wall. (U. S.) 210, 18 L. ed. 339; *Bardon v.*

*Northern Pac. R. Co.,* 145 U. S. 535, 12 Sup. Ct. 856, 36 L. ed. 806; *Hastings & D. R. Co. v. Whitney,* 132 U. S. 357, 10 Sup. Ct. 112, 33 L. ed. 363; *Bothwell v. Bingham County,* 24 Ida. 125, 132 Pac. 972, see, also, Rose's U. S. Notes.)

Plaintiff is only entitled to recover the actual damages proved on the trial, and is not entitled to recover speculative damages or to recover for fancied injuries. (*Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437; *Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459.)

Stevens & Clute and H. E. Ray, for Respondent.

In a case where the evidence is conflicting, and there is substantial evidence to support the verdict, the latter should not be disturbed on appeal. (*Baker v. First Nat. Bank,* 25 Ida. 651, 139 Pac. 565; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646; *Lorang v. Randall,* 27 Ida. 259, 148 Pac. 468; *Graham v. Coeur d'Alene & St. Joe Transp. Co.,* 27 Ida. 454, 149 Pac. 509.)

MORGAN, J.—This appeal is from an order denying a motion for a new trial. The transcript does not contain the certificate required by rule 24 of the rules of practice of this court, showing what papers were submitted to the trial judge and by him used on the hearing of the motion. That rule is as follows:

"The transcript or record on appeal shall show that there is attached to or made a part of all orders made by the judge disposing of a motion for a new trial, or any other contested motion, a certificate substantially as follows, signed by the judge, clerk or attorneys, to wit:

"It is hereby certified that the following papers, to wit: . . . . all of which are of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other contested motion), and constitute all the records, papers and files used or considered by said judge on such hearing."

We have frequently held that, in the absence of such a certificate, an order denying a motion for a new trial, or other

Opinion of the Court—Morgan, C. J.

contested motion, cannot be reviewed. (*Dudacek v. Vaught,* 28 Ida. 442, 154 Pac. 995; *Walsh v. Niess,* 30 Ida. 325, 164 Pac. 528; *Glenn v. Aultman & Taylor M. Co.,* 30 Ida. 719, 727, 167 Pac. 1163; *Bumpas v. Moore,* 31 Ida. 668, 175 Pac. 339.)

The appeal is dismissed. Costs are awarded to the respondent.

Budge, C. J., and Rice, J., concur.

ON APPLICATION TO REINSTATE APPEAL.

(January 31, 1919.)

RANGE—TWO-MILE LIMIT LAW—DAMAGES—RIGHT OF RECOVERY.

2. The fact that range within the two-mile limit, prescribed by Rev. Codes, secs. 1217–1219, is within a Carey Act segregation does not affect the right to recover for damage done by herding or grazing sheep thereon.

· 3. Damages in cases like the one at bar are allowed the injured party by reason of loss actually sustained by him as a direct result of sheep grazing off and destroying, within two miles of his dwelling-house, pasturage which, in reasonable probability, his stock would have fed upon had it not been so grazed off and destroyed.

[As to common-law rule as to trespassing .animals, see note in 81 Am. St. 446.]

MORGAN, C. J.—Appellant has made application, in the nature of a suggestion of diminution of the record, to reinstate this appeal, and has accompanied it by a sufficient showing and a proper certificate. The application has been granted and the case will be decided on its merits.

In the complaint filed by respondent seven causes of action are set forth. The jury rendered a verdict on only three of them and the others will be disregarded. These three causes are all with respect to damages mentioned in what is known as the two-mile limit law (Rev. Codes, secs. 1217–1219), and

are for the sum of $175 each, because of destruction, by appellant's sheep, of pasturage on the range within two miles of respondent's dwelling-house during the years 1912, 1913 and 1914, respectively. The trial was to a jury and resulted in a verdict for $125 on each of the three causes of action. A judgment in the sum of $375, and costs, was entered, and appellant filed a motion for a new trial, which was overruled. The appeal is from the order overruling the motion.

The specifications of error present two points for consideration: First, that the evidence is insufficient to justify the verdict or sustain the judgment; second, that respondent is not entitled to damages because the range was embraced within a Carey Act segregation, during the years in question, and was therefore not public land, and that the statute granting a right of action of this kind is not intended to apply to lands which have been withdrawn from the public domain.

Sec. 1217 provides: "It is not lawful for any person owning or having charge of sheep to herd the same, or permit them to be herded, on the land or possessory claims of other persons, or to herd the same or permit them to graze within two miles of the dwelling house of the owner or owners of such possessory claim." Sec. 1218 gives to any party injured a right of action for damages against the owner of sheep for a violation of the provisions of the former section.

It will be observed that no reference is made in the statute to either public lands or public domain. The act of herding sheep within two miles of the dwelling-house of another is the thing prohibited and for which an action for damages suffered by the injured party is provided. The law was not intended to prevent a sheep owner from grazing them upon his own land, although situated within two miles of the dwelling-house of another (*Sweet v. Ballentyne*, 8 Ida. 431, 69 Pac. 995), but was intended to prevent the herding of sheep on the range within such limit, whether that be upon public lands, public domain, or unoccupied, uninclosed private lands not the property of the owner of the sheep. It is immaterial, and not necessary to decide in this case, whether or not the un-

occupied lands within a Carey Act segregation are public lands or public domain.

Damages are not allowed to respondent in this case on the theory that he owns the grass growing on the range, but as compensation for loss actually sustained as a direct result of sheep grazing off and destroying, within two miles of his dwelling-house, pasturage which, in reasonable probability, his stock would have fed upon had it not been so grazed off and destroyed. (*Chandler v. Little*, 30 Ida. 119, 163 Pac. 299.)

The evidence has been carefully examined and found to be sufficient to justify the jury in concluding that respondent would have had the benefit of the range within his two-mile limit had it not been destroyed by appellant's sheep, and to sustain the verdict and judgment in the amount recovered.

The order overruling the motion for a new trial is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.