(May 27, 1920.)

## BARBARA FRANCES LYONS, Respondent, v. GEORGE A. LAMBRIX, Administrator of the Estate of JOSEPHINE LAMBRIX, Deceased, Appellant.

[190 Pac. 356.]

APPEAL AND ERROR—CERTIFICATE AS TO PAPERS USED ON HEARING OF MOTION—INSTRUCTIONS—EVIDENCE.

1. If the transcript does not contain a certificate showing what papers were submitted to the judge and by him used on the hearing of a motion for a new trial, or other contested motion, the order disposing of the same cannot be reviewed.

2. All the instructions given must be read and considered together in order to determine whether or not the charge correctly states the law applicable to the facts of the case.

3. If there is substantial evidence sustaining the verdict, it will not be disturbed on appeal because of conflict.

APPEAL from the District Court of the Third Judicial District, for Ada County. Hon. Charles P. McCarthy, Judge.

Action to recover for services rendered. Judgment for plaintiff. *Affirmed.*

T. S. Risser, for Appellant.

The instructions given by the court and the requested instructions also given by the court could not be read and considered together as a whole; they could not reasonably and fairly be harmonized, for the reason that they were inconsistent and contradicted each other, and therefore it was error for the court to give them. (*Tarr v. Oregon Short Line R. Co.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

Laurel E. Elam and Ross W. Bates, for Respondent.

Verdict of jury will not be set aside where there is any substantial evidence to support the verdict or where there is a conflict in the evidence. (*Casady v. Stuart,* 29 Ida.

714, 161 Pac. 1026; *State v. Bouchard,* 27 Ida. 500, 149 Pac. 464; *Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Montgomery v. Gray,* 26 Ida. 583, 144 Pac. 646; *Graham v. Coeur d'Alene etc. Transp. Co.,* 27 Ida. 454, 149 Pac. 509; *Bower v. Moorman,* 27 Ida. 162, Ann. Cas. 1917C, 99, 147 Pac. 496; *Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *John V. Farwell Co. v. Craney,* 29 Ida. 82, 157 Pac. 382; *Smith v. Faris-Kesl Const. Co.,* 27 Ida. 407, 150 Pac. 25; *Goldensmith v. Snowstorm Min. Co.,* 28 Ida. 403, 154 Pac. 968.)

Where instructions as a whole properly lay down the rule of law, court will not reverse the lower court by reason of some defect in one of the instructions. (*Taylor v. Lytle,* 29 Ida. 546, 160 Pac. 942; *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629.)

MORGAN, C. J.—This action was commenced by respondent to recover for labor performed by her as a household servant for and at the instance and request of appellant's intestate. The employment was denied, and an affirmative defense and counterclaims were alleged, in the answer. The trial resulted in a judgment for plaintiff from which, and from an order denying a motion for a new trial, this appeal is prosecuted.

Appellant has assigned as error orders overruling his motions for a continuance and for a new trial. The transcript does not contain a certificate showing what papers were submitted to the judge and by him used on the hearing of either of these motions, and, therefore, neither of the orders can be reviewed. (*Smith v. Benson,* 32 Ida. 99, 178 Pac. 480, and cases therein cited.)

Other assignments of error present for review the action of the judge in giving certain instructions, and question the sufficiency of the evidence to sustain the verdict.

The instructions given, when read and considered together, are not in conflict with each other and, taken as a whole, correctly state the law applicable to the facts of the case.

The testimony is conflicting, but sufficient to bring the case within the rule that if there is substantial evidence sustaining the verdict, it will not be disturbed on appeal because of conflict.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Rice and Budge, JJ., concur.