(January 28, 1922.)

EVA P. LITTLER, Respondent, v. JOHN T. JEFFERIS, Appellant.

[202 Pac. 602.]

APPEAL—REPORTER'S TRANSCRIPT—SERVICE—STATUTORY TIME—OBJECTION—MOTION TO STRIKE—WAIVER.

When the reporter's transcript is served on respondent by appellant, but not within five days after receipt of the same by appellant, as provided by the statute, respondent waives his right to object to a consideration by this court of the transcript on the ground it was not served within the statutory time, if he permits the transcript to be settled by the trial court without objection.

APPEAL from the District Court of the Seventh Judicial District, for Payette County. Hon. B. S. Varian, Judge.

Motions to dismiss appeal and strike reporter's transcript. *Denied.*

G. W. Lamson and Van de Steeg & Mullins, for Appellant.

Ira W. Kenward, for Respondent.

Counsel file no briefs.

McCARTHY, J.—Respondent has moved to dismiss the appeal and to strike the reporter's transcript of the evi-

dence. The ground of the motion is that the transcript of the evidence was not served upon the respondent or her attorney within five days after the same was received by appellant's attorney. As we read the motion it does not cover the clerk's transcript.

On July 28, 1921, the court reporter lodged the transcript of the evidence and requisite number of copies with the clerk of the district court. On the same day the clerk transmitted two copies by express to G. W. Lamson, appellant's attorney, which were delivered at his office in Nampa. Lamson was absent on his vacation. He returned to his office on August 28th and found the transcript. On the next day he sent it to the clerk, asking that the latter bind it with the clerk's transcript, and serve it upon respondent's counsel. The clerk bound the reporter's transcript with his own and returned it to Lamson. On September 6th the latter mailed the transcript to respondent's counsel, who received it on September 7th.

C. S., sec. 6886, provides that, upon receiving the reporter's transcript, "The clerk shall mark the original and two copies as lodged on the date of said receipt, and shall deliver the remaining copies to the party procuring the same to be made, or to his attorney, and such party or his attorney shall, within five days from receipt thereof, serve one copy, together with a notice particularly designating by page and line any errors or omissions which he claims to be disclosed by the transcript, in the event he claims that there are any such errors or omissions, upon the adverse party or his attorney."

In *Strand v. Crooked River etc. Co.,* 23 Ida. 577, 131 Pac. 5, this court held that the failure to serve the transcript on the adverse party is an omission which is jurisdictional. In *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12, it held that service of the transcript upon the adverse party is mandatory, and failure to make such service, as required by the statute, divests this court of jurisdiction to entertain the appeal. However, in *Boise-Payette Lumber Co. v. McCarthy,* 31 Ida. 305, 170 Pac. 920,

this court said that the language used in *Bohannon Dredging Co. v. England, supra,* might lead to some confusion, and stated: "We take this occasion, therefore, to modify the statement made above in this particular: That the failure to make the service required by sections 4820a and 4434 would divest this court of jurisdiction to consider on appeal the record or that portion thereof involved in the failure of service. Such failure of service might in proper cases be ground for a motion to strike, and neither in that case nor in this are we considering the question as to whether such service may be waived."

In this case the reporter's transcript was not served upon respondent or his attorney within five days from the receipt thereof by appellant's attorney. It is not necessary for us to decide whether the transcript was delivered to, and received by him, within the meaning of the statute, when it was delivered by the express company at his office in his absence. It certainly was received by him when he returned to his office on August 28th, and found it there. If it be held that service of the reporter's transcript by mail is permissible under the provisions of C. S., sec. 7199, and that the service was completed when the transcript was deposited in the postoffice (C. S., sec. 7201), even then the service was not made until September 6th, and more than five days had elapsed since the receipt by appellant's attorney. Under the authorities above cited, the reporter's transcript should be stricken on respondent's motion, unless the service within five days was waived. (*Boise-Payette Lumber Co. v. McCarthy, supra.*)

The settlement of the reporter's transcript in the first instance is by the trial court. C. S., sec. 6886, subd. 3 provides: "At the expiration of the time limited for designating errors, the transcript, with any notice designating errors shall be transmitted to the judge who tried the cause, by the clerk, on application of either party, and such judge shall forthwith settle the same, notifying the parties by such notice as he deems adequate of the time and place of

settlement in the event of any error designated by notice and not agreed to.''

After service upon him of the transcript, respondent's attorney had ten days to point out errors. (C. S., sec. 6886, subd. 2.) No errors were pointed out by either party. They both know that, at the expiration of the time limited for designating errors, the transcript would be settled by the judge without hearing, if none were designated. The failure to serve the transcript within the statutory time is jurisdictional in the sense that it deprives the court of jurisdiction, if proper and timely objection is made on that ground, but is not jurisdictional in the sense that it cannot be waived. The failure to make timely and proper objection results in a waiver, and the way to make timely and proper objection is to object in the trial court to the settlement of the transcript. If appellant fails to make such objection and permits the transcript to be settled, the point is waived. There was such a waiver in this case because no objection was made in the trial court to the settlement of the transcript. The motion to strike the reporter's transcript is denied. The motion to dismiss the appeal is denied.

Rice, C. J., and Budge, Dunn and Lee, JJ., concur.