(October 4, 1922.)

## V. R. ROBINSON, Respondent, v. SCHOOL DISTRICT No. 61, in the County of Bingham, State of Idaho, Appellant.

[209 Pac. 726.]

JUDGMENT — MOTION FOR NEW TRIAL — APPEAL — CERTIFICATE AS TO PAPERS USED—DISMISSAL.

1. · This court is without jurisdiction to consider an appeal from a judgment of the district court, rendered on appeal from an inferior court, taken more than ninety days after entry thereof.

2. If the transcript does not contain a certificate, in substantial conformity with Rule 24 of this court, showing what papers were submitted to the trial judge and by him used on the hearing of the motion for new trial, the order disposing of such motion cannot be reviewed.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County.   Hon. F. J. Cowen, Judge.

Action for damages.   Motion by respondent to dismiss appeal.   *Dismissed.*

W. A. Beakley, for Appellant, cites no authorities on points decided.

John W. Jones, for Respondent.

This appeal was not taken within ninety days after the entry of the judgment as provided in sec. 7152, C. S., and the motion to dismiss the appeal should. be sustained on account of failure to perfect the appeal within the specified period of time.   (*Chapman v. Boehm,* 27 Ida. 150, 147 Pac. 289.)

The appeal from the judgment herein and the appeal from the order denying a new trial should be dismissed for failure to comply with Rules 26 and 27.   (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12.)

DUNN, J.—This is an action for damages, brought originally in the probate court, for the wrongful discharge of respondent as a teacher in School District No. 61 in Bingham county. Appeal was taken by the district from the judgment and also from the order denying a new trial.

Respondent has moved to dismiss the appeal from the judgment on the ground that it was not taken within ninety days after the entry thereof. This motion is sustained by the record, and the appeal must therefore be dismissed.

He also moves to dismiss the appeal from the order denying a new trial on the ground that appellant has not substantially complied with Rule 24 of this court, which was at the time of the taking of the appeal, and has been for many years, as follows:

"The transcript or record on appeal shall show that there is attached to or made a part of, all orders made by the judge disposing of a motion for a new trial, or any other contested motion, a certificate substantially as follows, signed by the judge, clerk or attorneys, to wit:

" 'It is hereby certified that the following papers to wit: . . . . all of which are of the records or files in this case, were submitted to the judge and by him used on the hearing of the motion for a new trial (or any other contested motion), and constitute all the records, papers and files used or considered by said judge on such hearing.' "

The certificate in this case states that "There was used in the presentation of said motion the following: Records and files together with the exhibits and transcript of reporter's notes taken of the evidence produced at the hearing of said matter."

Clearly, the certificate shown in the record does not substantially comply with this rule, and the motion must therefore be granted. (*Lyons v. Lambrix*, 33 Ida. 99, 190 Pac. 356; *Smith v. Benson*, 32 Ida. 99, 178 Pac. 480.)

For the reasons stated both appeals are dismissed, with costs to respondent.

McCarthy and Lee, JJ., concur.