(September 24, 1923.)

GEORGE N. LUCAS, Who Sues on Behalf of Himself and
All Others Similarly Interested, Respondent, v. CITY
OF NAMPA, a Municipal Corporation and a City of
the Second Class, H. H. KEIM, as Mayor of said City,
D. W. MOFFATT, as Clerk of Said City, GERTRUDE
M. MILLER, as Treasurer of Said City, A. O. BRUN-
ZELL, D. L. McBANE, A. H. ROBERTS, A. L.
GOWAN, M. M. EAKIN and R. B. BURGER, as Mem-
bers of the City Council of Said City, LOUIS C.
KELSEY and CHARLES H. HELMER and S. T.
DAVIS, Doing Business as HELMER & DAVIS, Appel-
lants.

[219 Pac. 596.]

APPEAL AND ERROR—MOTION TO DISMISS APPEAL—TRANSCRIPT OF REC-
ORD—TIME OF FILING—WAIVER.

A failure to file a transcript of record on appeal in this court
within the time provided by the rules of this court is waived by
subsequently entering into a stipulation with respect to filing briefs.

APPEAL from the District Court of the Seventh Judicial
District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Motion to dismiss appeal for failure to file transcript of
record within the time prescribed by the rules. *Motion
denied.*

Karl Paine and D. L. Rhodes, for Appellants, file no brief.

Buckner & Warren and G. W. Lamson, for Respondent.

"Where a transcript on appeal has not been filed within
the time limited by the rules, or an extension thereof, such
appeal will, upon motion, be dismissed, in the absence of a
sufficient showing of diligence by the appellant." (*Gates v.
Todd Commercial Co.*, 36 Ida. 784, 213 Pac. 1017.)

"A failure to apply for an extension of time within which
to file a transcript negatives the question of diligence."

(*Iowa State Savings Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Blumauer-Frank Drug Co. v. First Nat. Bank,* 35 Ida. 436, 206 Pac. 807; *Lake & Co. v. Bales,* 36 Ida. 142, 210 Pac. 396; *Gemmell v. Collins,* 36 Ida. 416, 210 Pac. 738; *Parkinson v. Winzler,* 36 Ida. 449, 210 Pac. 738; *Peterson v. Phelps,* 31 Ida. 692, 175 Pac. 709; *Woodmansee & Webster Co. v. Woodmansee,* 31 Ida. 747, 176 Pac. 148.)

WM. E. LEE, J.—This cause is here on a motion to dismiss the appeal on the ground that the transcript of the record was not served and filed in this court within ninety days after the appeal was perfected nor within an extension of thirty days allowed by an order made by a justice of this court.

The appeal was perfected on October 28, 1922, and the court reporter was directed to prepare and lodge the reporter's transcript within ninety days thereafter. Evidently foreseeing that the reporter's transcript would not be prepared within the period of ninety days, it was stipulated on December 8, 1922, by and between the parties, that the transcript might be filed in this court within thirty days after the reporter's transcript was lodged with the clerk of the district court, and, pursuant to the stipulation, an order was signed by a justice of this court granting said extension of time. On January 20, 1923, the reporter's transcript was lodged with the clerk of the district court. On January 30, 1923, the clerk of the district court served upon counsel for appellant the bound copies of the reporter's and clerk's transcript. On February 3, 1923, the bound transcript was served on counsel for respondent. On February 20, 1923, the district judge settled and allowed the reporter's transcript, and on February 26, 1923, the bound transcript, as settled and allowed, was served on the attorneys for respondent. The record on appeal was filed in this court on February 28, 1923. The reporter's transcript having been lodged on January 20, 1923, the time for filing the record in this court, or securing a further extension of time for that purpose, expired on February 19, 1923. The record in this

court was therefore filed nine days after the expiration of the time within which, under the rules of this court, it should have been filed.

One valid reason is advanced by appellants which justifies overruling the motion to dismiss this appeal. On March 1, 1923, the attorneys for the respective parties stipulated in writing that the attorneys for appellants should have ninety days from that date in which to serve and file appellants' brief, and that counsel for respondent should have sixty days after service of appellants' brief in which to serve respondent's brief. Having made and filed such a stipulation, it would appear that counsel should not now be permitted to urge the failure of appellants to file their transcript in this court within the time allowed. C. S., sec. 6886, provides that upon receiving from the clerk two copies of the transcript, appellants or their attorney "shall, within five days from receipt thereof, serve one copy, together with a notice . . . . upon the adverse party or his attorney." In the case of *Littler v. Jefferis,* 35 Ida. 27, 202 Pac. 602, the reporter's transcript was not served upon respondent or his attorney within the five days provided by said section. This court, speaking through Mr. Justice McCarthy, held that "the failure to serve the transcript within the statutory time is jurisdictional in the sense that it deprives the court of jurisdiction, if proper and timely objection is made on that ground, but is not jurisdictional in the sense that it cannot be waived. . . . . If appellant fails to make such objection and permits the transcript to be settled, the point is waived." If, therefore, the failure to comply with a provision of the statute requiring the service of the transcript and its proper settlement is waived by not objecting in the trial court, it seems reasonable to conclude that a failure to file a transcript on appeal in this court within the time provided by a rule of this court is waived by subsequently making and entering into a stipulation with respect to filing briefs. Had respondent intended to move to dismiss the appeal in this case on the ground stated, he should not have stipulated an extension of time to file briefs, and since he has so stipulated,

and since appellants' brief has been prepared, respondent is held to have waived his right to maintain his motion to dismiss the appeal. The motion is therefore denied.

McCarthy, Dunn and William A. Lee, JJ., concur.

(November 3, 1923.)

### ON PETITION FOR REHEARING.

WM. E. LEE, J.—Respondent strenuously insists that a rehearing on his motion be granted, and that he be permitted to amend the record upon which the motion was determined by adding an affidavit of one of the attorneys for respondent. The record before us, in considering the motion, included a number of affidavits, and, we presumed and had every reason to presume, was a full and complete record. A motion to dismiss an appeal is technical in character. The matter having been determined upon the record, this court will not permit the record to be amended on a motion for a rehearing.

Counsel contend that the original opinion is contrary to the rule announced in *Brockman v. Hall, ante,* p. 564, 218 Pac. 188. This position is not well taken. In that case, we were discussing the failure to file a notice of motion for a new trial within the statutory time, and we held that the statutory requirement that a notice of motion for a new trial must be served and filed within ten days after the verdict of the jury was jurisdictional, and could not be waived by stipulating additional time for filing briefs. The rule of this court (Rule 26 [211 Pac. xx]) that a transcript on appeal must be filed in this court within ninety days after the appeal is perfected is not jurisdictional, and has been so held by this court. (*Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928.) The original opinion is not in conflict with the rule announced in *Brockman v. Hall, supra.*

Rehearing denied.

McCarthy, Dunn and William A. Lee, JJ., concur.