(May 24, 1924.)

## JOHN I. HARDY, Appellant, v. FRANK BUTLER, Respondent.

[226 Pac. 669.]

APPEAL AND ERROR—MOTION TO DISMISS—FAILURE TO FILE TRANSCRIPT WITHIN TIME—MOTION FOR NEW TRIAL—CERTIFICATE—RULE 24—ASSIGNMENTS—INSUFFICIENCY OF EVIDENCE—FAILURE TO DISCUSS ASSIGNMENTS OF ERROR OR CITE AUTHORITIES.

1. A failure to file a transcript on appeal in this court within the time provided by the rules of this court is waived where the parties subsequently enter into written stipulations settling the transcript and extending the time for filing briefs.

2. In an appeal from an order overruling a motion for a new trial where the transcript fails to contain a certificate required by Rule 24 the appeal from such order will be dismissed.

3. Where the insufficiency of the evidence to support the verdict is assigned as error but a specification of the particulars in which the evidence is insufficient to support the verdict is not contained in appellant's brief, such assignment of error will not receive consideration.

4. Where assignments of error are set out in counsel's brief in accordance with the rules of this court, but are not discussed either in the brief or upon oral argument, and where no authorities are cited in support of such assignments of error, the same will not be considered or determined by this court.

APPEAL from the District Court of the Sixth Judicial District, for Bingham County. Hon. Ralph W. Adair, Judge.

Action for debt. Judgment for respondent. *Affirmed.*

O. A. Johannesen, for Appellant, cites no authorities on points decided.

John W. Jones and L. Ivan Jensen, for Respondent, file no brief.

BUDGE, J.—We are confronted with a motion to dismiss the appeal from the judgment and also the appeal from the order overruling appellant's motion for a new trial upon the ground that Rules 26 and 28 were not complied with, in that the transcript was not filed and served within 90 days after the perfection of the appeal and no order extending the time within which to file the transcript was made by this court or a justice thereof. The motion to dismiss the appeal from the order overruling appellant's motion for a new trial is also based upon the ground that the transcript does not contain a certificate of the trial judge or clerk as to the papers used upon the hearing as required by Rule 24. It is admitted that the transcript was not filed within time. However, it further appears that a stipulation was entered into by and between the attorneys for respondent and appellant that the reporter's transcript was correct and that the same might be settled and allowed by the trial judge, and in keeping with this stipulation the transcript was settled and thereafter served and filed with the clerk of this court. There was also a stipulation after the filing of the transcript between counsel for respective parties that the time for filing appellant's brief should be extended, upon which stipulation an order granting an extension was made by one of the justices of this court. The motion to dismiss the appeal both from the judgment and order overruling the motion for a new trial upon the ground of failure to file the transcript in time must be denied. In the case of *Dye v. Moscow State Bank,* 36 Ida. 464, 212 Pac. 870, a similar situation arose. In that case the court said:

"Were the motion to be determined upon the matters thus far shown, we think the appeal should be dismissed,

since appellant clearly was not diligent, but in the transcript filed by appellants there is a written stipulation signed by counsel for respondents and entered into on the 16th day of September, 1922, by which it is agreed that the reporter's transcript in this case might be settled by the district judge without further notice to counsel on either side. The period of 90 days from the perfecting of the appeal, within which the completed transcript was required to be filed in this court, expired on September 14. The transcript was settled by the district judge September 22, and was filed in this court on September 26. After the stipulation was entered into there was no unreasonable delay in filing the completed transcript. Notwithstanding the failure of appellants to meet the showing made by respondents with a sworn statement, we think the stipulation entered into after the time for filing the transcript had expired should be considered as a substantial waiver of objection to the filing of the transcript if made with reasonable promptness thereafter, which was done. (*Littler v. Jefferis,* 35 Ida. 27, 202 Pac. 602.)''

To the same effect see *Lucas v. City of Nampa,* 37 Ida. 763, 219 Pac. 596; *California Gulch Placer Mining Co. v. Patrick,* 37 Ida. 661, 218 Pac. 378. However, the motion to dismiss the appeal from the order denying appellant's motion for a new trial must be sustained, for the reason that the transcript does not contain a certificate of the trial judge, clerk or attorneys that the papers therein contained constitute all of the records, papers and files considered and acted upon by the trial court upon the hearing of the motion as required by Rule 24 of this court. (*Smith v. Benson,* 32 Ida. 99, 178 Pac. 480; *Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Robinson v. School Dist. No. 61 in Bingham County,* 36 Ida. 133, 209 Pac. 726.)

Appellant sets forth in his brief what is designated ''Statement of Errors'' as follows: (1) The verdict of the jury and the judgment based thereon was contrary to the weight of the evidence adduced in said cause. (2) The verdict of the jury and the judgment based thereon was contrary to the law applicable in said cause. (3) The court erred as to

the law in its eighth, ninth and tenth instructions to the jury, said instructions being incomplete and not fully stating the law applicable. (4) The court erred in refusing to give instructions numbers 3, 4, 5 and 6 requested by the appellant. (5) The court erred in refusing to instruct the jury to disregard all evidence having reference to any promise made by the respondent to one Ferdinand Olson, or any person other than the appellant, as such evidence was not material to the issues in the case, unless the jury further found that W. P. Howell had directed the respondent to make payment to said Ferdinand Olson of the $500 in question, and which instruction was requested by the appellant.

In number 1 upon oral argument counsel stated that he did not intend to use the word "weight," which being true the error assigned would read as follows: "The verdict of the jury and the judgment based thereon was contrary to the evidence," or, in other words that the evidence was insufficient to support the verdict and judgment based thereon. This assignment of error cannot be considered, for the reason that under the holdings of this court the sufficiency of the evidence to sustain the verdict will be inquired into provided a specification of the particulars in which the evidence is insufficient to sustain the verdict is made in appellant's brief filed with the supreme court. The particulars in which the evidence is insufficient are not specified in the assignments of error nor made in appellant's brief. (*McDonald v. North River Ins. Co.*, 36 Ida. 638, 213 Pac. 349, and cases therein cited.)

As to the remaining four assignments of error, waiving the question of the sufficiency of these assignments, they are not discussed in appellant's brief and were not discussed upon the oral argument and no authorities are cited in support thereof, and we are not called upon to search the transcript for the purpose of determining whether or not these assignments are well taken. In the case of *Davenport v. Burke*, 27 Ida. 464, 149 Pac. 511, it is held that:

"Where assignments of error are set out in counsel's brief as prescribed by the rules of this court, but are not discussed

either in the brief or upon oral argument, and where no authorities are cited in support of said assignments of error, the same will not be considered or determined by this court."

See also *State v. Lundhigh*, 30 Ida. 365, 377, 164 Pac. 690.

The argument contained in appellant's brief relates only to the weight of the evidence.

The judgment must be affirmed, and it is so ordered. Costs are awarded to respondent.

McCarthy, C. J., and William A. Lee, J., concur.