$2\ 3/\ Pac.\ 708$

(November 28, 1924.)

## J. TSUBOI, Respondent, v. MYERS COHN and SARAH COHN, Appellants.

[231 Pac. 708.]

PARTITION FENCE—FAILURE TO MAINTAIN—FENCE AGREEMENT—STATUTE OF FRAUDS — TRESPASS — IMPLIED CONTRACT — PLEADING — JOINDER—DEMURRER—APPEAL AND ERROR—CERTIFICATE REQUIRED BY RULE 24—INSTRUCTIONS.

    1. An appeal from an order overruling a motion for a new trial cannot be reviewed by this court where the transcript does not contain a certificate in substantial conformity with Rule 24 of this court showing what papers were submitted to the trial judge and by him used on the hearing of the motion for new trial.

    2. Both counts of complaint examined and found to state a cause of action.

3. An oral agreement to build and maintain a partition fence is not a contract for the leasing or sale of land or an interest therein within the meaning of C. S., sec. 7976, subds. 1 and 5, and is valid and binding on the parties thereto and upon their privies when recognized and acted upon.

4. Where defendants knew where the premises of plaintiff were and they knowingly, deliberately and intentionally caused their cattle to enter thereon with the intention that such cattle should obtain the benefit of the feed and pasturage thereon, at the expense of plaintiff, an implied agreement was created whereby defendants were required to pay to plaintiff the reasonable value of such feed and pasturage.

5. An action based upon a breach of an oral agreement to erect and maintain a partition fence and an action upon an implied contract for the value of sugar-beets and sugar-beet tops consumed and destroyed by cattle belonging to defendant may be set forth in separate counts in one complaint where each arose out of the same transaction and affected all of the parties to the action and did not require different places of trial and each count alleged the same amount of damages.

6. A cause of action may be stated in different counts in order to meet any possible phase of the evidence, and the pleader will not be required to elect on which count he will proceed.

7. The granting or refusing of a request for special findings is entrusted to the sound discretion of the trial court and only upon a clear abuse of such discretion will its ruling be disturbed.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. O. R. Baum, Judge.

Action to recover damages for consumption and destruction of beets and beet-tops by cattle. Judgment for plaintiff. *Reversed as to defendant Sarah Cohn. Affirmed as to defendant Myers Cohn.*

B. W. Davis, for Appellants.

The first count of plaintiff's complaint does not state a cause of action and is also subject to defendants' special

Publisher's Note.

3. Validity of oral agreement as to erection or maintainance of fences, see notes in Ann. Cas. 1912C, 470; 27 L. R. A., N. S., 226.

4. Implied contract to pay rent for use of another's land for grazing cattle, see note in Ann. Cas. 1912C, 1147.

demurrer. (*Osborne v. Kimball,* 41 Kan. 187, 21 Pac. 163; C. S., secs. 1959, 7976; *Union Savings & Trust Co. v. Krumm,* 88 Wash. 20, 152 Pac. 681; *Knight v. Southern Pacific Co.,* 52 Utah, 42, 172 Pac. 689.)

The second count of plaintiff's complaint does not state a cause of action and is subject to defendants' special demurrer. (*Fry v. Hubner,* 35 Or. 184, 57 Pac. 420; *Walker v. Bloomingcamp,* 34 Or. 391, 43 Pac. 175, 56 Pac. 809; *Swanson v. Groat,* 12 Ida. 148, 85 Pac. 384; *Harrison v. Adamson,* 76 Iowa, 337, 41 N. W. 34.)

A complaint must allege ultimate facts and not merely conclusions of law; an allegation that a defendant deliberately, knowingly and intentionally permitted, allowed and caused cattle to cross upon the lands of the plaintiff states conclusions of law. (*Hurt v. Brandt,* 37 Ida. 186, 215 Pac. 842.)

The motion to elect between the causes of action should have been sustained, said causes of action being inconsistent. (*Lewis v. Utah Construction Co.,* 10 Ida. 214, 77 Pac. 336; *Mullaly v. Austin,* 97 Mass. 30; *Harvey v. Southern Pac. Co.,* 46 Or. 505, 80 Pac. 1061.)

Where two causes of action are stated and there is any inconsistency between the same, the verdict should specify upon which cause it is based. (*Lutyen v. Ritchie,* 37 Ida. 473, 218 Pac. 430; *St. Louis & S. F. Ry. Co. v. Farmers' Union Gin Co.,* 34 Okl. 270, 125 Pac. 894; *Chase v. Knabel,* 46 Wash. 484, 90 Pac. 642, 12 L. R. A., N. S., 1155; *Wrought Iron Range Co. v. Zeitz,* 64 Colo. 87, 170 Pac. 181.)

The plaintiff having stated his case in separate counts, each count purporting to state separate and distinct causes of action, the verdict on each count must be sustained by the evidence. (*King v. C. C. Bendell Commission Co.,* 7 Colo. App. 507, 44 Pac. 377; *Meyer v. Shamp,* 51 Neb. 424, 71 N. W. 57; *King v. Beaumier,* 26 Wyo. 35, 174 Pac. 612.)

A plaintiff cannot waive tort and sue in contract for trespass, where no deliberate and wilful trespass is shown. (*Tightmeyer v. Mongold,* 20 Kan. 90.)

Peterson & Coffin, for Respondent.

A tort-feasor is not allowed to set up his own wrongful intent in disavowal of the implied promise which the law would otherwise raise against him. (*Webster v. Drinkwater,* 5 Greenl. (Me.) 319, 322, 17 Am. Dec. 238; *Norden v. Jones,* 33 Wis. 600, 14 Am. Rep. 782.)

A cause of action in *assumpsit* lies in those cases where the tort-feasor deliberately and intentionally, and for the purpose of obtaining some benefit at the expense of another, encourages and knowingly permits or causes a trespass to be committed. (*Welch v. Bagg,* 12 Mich. 41; *Gillespie v. Hendren,* 98 Mo. App. 622, 73 S. W. 361.)

The two counts are properly joined and the plaintiff ought not to be required to elect as between them. (*Wilson v. Smith,* 61 Cal. 209; *Rucker v. Hall,* 105 Cal. 425, 38 Pac. 962; *Leonard v. Roberts,* 20 Colo. 88, 36 Pac. 880; 5 Ency. Pl. & Pr., 330, 331.)

"Where there is but one cause of action, though stated in different counts, there need be but one finding or verdict. The verdict, in such cases, may be general. It need not mention either count." (5 Ency. Pl. & Pr., 339; *Lucas v. San Francisco,* 28 Cal. 591; *Griffiths v. Henderson,* 49 Cal. 566.)

The violation of a statutory duty gives rise to an action *ex contractu.* (*Hodges v. Wilmington & W. R. Co.,* 105 N. C. 170, 10 S. E. 917, 918; *Thomas v. Utica & Black River R. R. Co.,* 97 N. Y. 245.)

BUDGE, J.—This action was brought to recover damages for the alleged destruction of certain sugar-beets and sugar-beet tops by appellants' cattle. Two counts are set forth in the amended complaint, the second count being subsequently amended. In the first count it is alleged that respondent had leased and was in the possession of 85 acres of land adjoining that owned by appellants, the southerly boundary line of the northeast quarter of Sec. 25, T. 9 S., 36 E., B. M., constituting the southern boundary line of respondent's land and the northerly boundary line of appellants' land; that in January, 1917, the two tracts of land

were inclosed by a lawful fence; that during the year 1917 respondent's predecessor in interest and appellant Myers Cohn entered into an oral agreement whereby the latter agreed to erect and maintain one-half of the partition fence between the respective tracts of land and the former to erect and maintain the westerly half of such partition fence; that in the same year the location of the former dividing fence was moved, appellants erecting the easterly half thereof at the new location and the predecessor in interest of respondent erecting the westerly half, such fence as then erected being kept up and maintained in good repair by the respective parties until November, 1920; that at that time respondent's lessor erected a new fence to take the place of the westerly half of the partition fence but that appellants, contrary to the duty imposed upon them by C. S., secs. 1958 and 1959, between October 1, 1920, and November 25, 1920, failed, neglected and refused to keep the easterly half of the partition fence in repair but allowed the wires to become slack and permitted openings to remain in the fence so that it did not present a suitable or any obstruction to livestock; that during 1920 respondent sowed 49¼ acres of the land which he had leased to sugar-beets, matured the crop and on October 12, 1920, part of the crop had been harvested, the beets then remaining upon the land approximating 12 tons to the acre, of the value of $12 per ton and the beet-tops also remaining upon the land being of the value of $250; that on account of the defective condition of the easterly half of the partition fence, cattle belonging to appellants, varying in number from five to one hundred and fifty head, entered the lands leased by respondent upon which the sugar-beets were growing and being harvested, through the easterly half of the partition fence, and ate, scattered, trampled and destroyed approximately 185 tons of beets to respondent's damage in the sum of $2,200 and totally destroyed all of the beet-tops to respondent's damage in the sum of $250, such damages being occasioned by appellants' failure to keep the easterly half of the partition fence in proper repair.

The second count, as amended, sets forth a cause of action upon implied contract, in which it is alleged that appellants deliberately, knowingly and intentionally caused their cattle to enter respondent's land through the easterly half of the division fence, whereby respondent's beets and beet-tops were eaten up, consumed and destroyed, and by reason thereof appellants thereby impliedly agreed to pay respondent the reasonable value thereof, and in consequence are indebted to respondent in the sum of $2,470.

General and special demurrers were filed to each count of the amended complaint but were overruled. A motion to elect was also overruled, as was also a motion to make more definite and certain. Thereupon appellants answered, denying specifically each and every material allegation of the complaint. Upon the issues thus framed the cause was tried to the court and a jury, the latter's verdict awarding respondent the sum of $1,800. Judgment was thereupon entered in accordance with the verdict. A motion for a new trial was thereafter made and overruled by the court. From the judgment and from the order overruling the motion for a new trial this appeal is taken.

It was conceded upon oral argument, if our recollection is correct, that under no theory of this case can the judgment stand as against appellant Sarah Cohn, for the reason that it is neither alleged nor proven that she was the wife of Myers Cohn or that any of the trespassing cattle belonged to her or that she was under any duty to keep in repair the partition fence. The judgment as to her must therefore be reversed.

Considering first the appeal from the order overruling the motion for a new trial, an examination of the record discloses the fact that the transcript fails to contain a certificate signed by the judge, clerk or attorneys that the papers therein contained constitute all of the records, papers and files considered and acted upon by the trial court upon the hearing of the motion as required by Rule 24 of this court. In the case of *Robinson v. School District No. 61,* 36 Ida. 133, 209 Pac. 726, it was held that:

"If the transcript does not contain a certificate, in substantial conformity with Rule 24 of this court, showing what papers were submitted to the trial judge and by him used on the hearing of the motion for new trial, the order disposing of such motion cannot be reviewed."

To the same effect see *Smith v. Benson,* 32 Ida. 99, 178 Pac. 480; *Lyons v. Lambrix,* 33 Ida. 99, 190 Pac. 356; *Hardy v. Butler,* 39 Ida. 99, 226 Pac. 669. It therefore follows that the order overruling the motion for new trial is not properly here for review.

Appellants specify and rely upon thirty-four assignments of error, including that under which questions relating to the motion for new trial are considered. In their first assignment of error appellants insist that the first count of respondent's amended complaint fails to state a cause of action and that the court erred in overruling the demurrer thereto. This contention is based upon the theory that the alleged oral agreement with reference to the erection and maintenance of the partition fence falls within the provisions of subds. 1 and 5 of C. S., sec. 7976. It has been held that an oral agreement for the construction of a partition fence and the maintenance thereof is such a contract as falls within the statute of frauds and is unenforceable and void. (*Rudisill v. Cross,* 54 Ark. 519, 26 S. W. 575, 26 Am. St. Rep. 57, 16 S. W. 575.) The weight of authority, however, would seem to be that such oral agreements to build and maintain partition fences are not contracts for the leasing or sale of land or an interest therein and are valid and binding upon the parties thereto and their privies when recognized and acted upon. (*State v. Burkit,* 182 Ind. 665, 108 N. E. 113; *Guyer v. Stratton,* 29 Conn. 421; *Talmadge v. Rensselaer & Saratoga R. R. Co.,* 13 Barb. (N. Y.) 493; *Fleming v. Ramsey,* 46 Pa. 252; *Blood v. Spaulding,* 57 Vt. 422; *Scott v. Grover,* 56 Vt. 499, 48 Am. Rep. 814; *Hitchcock v. Tower,* 55 Vt. 60; *Tupper v. Clark,* 43 Vt. 200; *Dodder v. Snyder,* 110 Mich. 69, 67 N. W. 1101; *McAfee v. Walker,* 82 Kan. 182, 107 Pac. 637, 27 L. R. A., N. S., 226,

and note; 27 C. J. 204, sec. 154; *Baynes v. Chastain,* 68 Ind. 376.)

In the instant case it is alleged that the partition fence was erected under the oral agreement. As to maintenance the agreement was recognized and acted upon by appellants and respondent's lessor in that it is alleged they maintained their respective portions of the partition fence from 1917 to 1920 during the occupancy of the land by respondent who also recognized and acted upon the agreement. Even if appellants were correct in their contention that the agreement in question was one for the sale or lease of an interest in land, the statute of frauds would have no application for the reason that both parties to the oral agreement recognized its validity and acquiesced in its terms by erecting the fence and maintaining it for three years and the doctrine of part performance would take it out of the statute of frauds. Where one party to an oral contract has, in reliance thereon, so far performed his part of the agreement that it would be perpetuating a fraud upon him to allow the other party to repudiate the contract and to set up the statute of frauds in justification thereof, equity will regard the case as being removed from the operation of the statute. (27 C. J. 343, sec. 427.)

From a reading of C. S., secs. 1958 and 1959, and the first count of the complaint and considering the location of the respective tracts, it will be observed that under the terms of the statutes mentioned appellants would be required to erect and maintain the westerly half of the parti- tion fence and respondent's lessor the easterly half. How- ever, under the agreement, which the statute in express terms sanctions, appellants were required to erect and main- tain the easterly half of the fence and respondent's lessor the westerly half. The fence having been erected and maintained for several years under the terms of the agree- ment, upon the failure of one party to keep up the fence as in the agreement provided, the other party had recourse to the remedy provided by statute or to his action for breach of the contract. The duty imposed upon appellants was to

properly maintain their portion of the partition fence as agreed upon and an express obligation or promise was thus created which appellants were bound to fulfil and for a failure to perform an action for damages would lie. Such action clearly related to a violation of the contract by appellants and even conceding, for the purpose of the argument, that such contract affected real estate, as contended by appellants, it did not change the nature of the obligation so as to make the cause of action one relating to real estate and not to the implied promise or contract. The demurrer to the first count was properly overruled.

The second assignment of error attacks the action of the court in overruling appellants' demurrer to the second count as amended. It is insisted that it does not state a cause of action for the reason that the allegations contained therein are conclusions of law. Among other things, it is alleged therein:

"That between the 12th day of October, 1920, and the 25th day of November, 1920, the defendants herein knowingly, intentionally and deliberately and against the will of the plaintiff and with the deliberate intent to obtain the benefit of the pasturage and forage in the fields of the plaintiff as hereinbefore described, permitted, and allowed and caused a large number of stock and cattle owned and controlled by them to enter into and upon the property leased by the plaintiff herein as described in paragraph one hereof, and the said stock and cattle upon the property of this plaintiff as aforesaid, ate, consumed and destroyed sugar-beets and sugar beet tops, the property of the plaintiff herein, of the value of $2,470.00 which said cattle had been by the said defendants knowingly, intentionally and deliberately placed by the said defendants upon the lands herein described in paragraph two of the first count. . . . . and deliberately, knowingly and intentionally, and with deliberate purpose and intent to obtain the benefit of the plaintiff's pasturage and forage and of the beets and sugar-beet tops in the said plaintiff's field, permitted, allowed and caused to cross from the said land of the defendants into

and upon the lands of the plaintiff herein through the east-
erly half of the division fence.''

The second count is based upon an implied contract to
pay the value of the crops consumed and destroyed. It is
alleged that appellants knew where the premises of the re-
spondent were and that they deliberately, knowingly and
intentionally caused their stock to enter upon respondent's
premises with the intention that they should obtain the feed
and pasturage thereon. We think the rule to be that where
a tort-feasor, with knowledge of the location of the prem-
ises, deliberately and intentionally and. for the purpose of
obtaining some benefit at the expense of another, knowingly
permits or causes a trespass to be committed, resulting in
damages, he impliedly agrees to pay for any damages that
may be sustained and an action upon such implied contract
will lie. (*Lazarus v. Phelps,* 152 U. S. 81, 14 Sup. Ct. 477,
38 L. ed. 363.) As was said in the case of *Webster v.
Drinkwater,* 5 Greenl. (Me.) 319, 322 (17 Am. Dec. 238):

''It is a principle well settled that a promise is not im-
plied against or without the consent of the person attempted
to be charged by it. (*Whiting v. Sullivan,* 7 Mass. 107.)
And where one is implied, it is because the party intended
it should be, or because natural justice plainly requires it,
in consideration of some benefit received.''

Appellants place reliance upon the case of *Fry v. Hubner,*
35 Or. 184, 57 Pac. 420, but that case is not in point, for it
is clear that where the plaintiff fails to allege that defend-
ant had knowledge of the location of the premises of the
plaintiff, or that the cattle were driven upon the premises
of the plaintiff for the purpose of obtaining some benefit
with the knowledge of the owner, and fails to allege that
the depasturing of plaintiff's land was the defendant's ob-
ject in view or that the same were intentionally held and
retained there, as in that case, no cause of action would be
stated. However, the facts are different in this case, and
the court properly overruled the demurrer to the second
count.

The court properly overruled appellants' motion to elect, complained of in their third and twenty-third assignments of error. It is insisted that the two causes of action set forth in the amended complaint cannot be joined. Both causes of action are for the same amount although but one recovery is sought. Both arose out of the same transaction or transactions connected with the same subject of the action. Both affect all the parties to the action and do not require different places of trial. (C. S., sec. 6688.) C. S., sec. 6687, provides, *inter alia* that: "The complaint must contain. . . . . 2. A statement of the facts constituting the cause of action, in ordinary and concise language."

In the case of *Remy v. Olds*, 4 Cal. Unrep. 240, 34 Pac. 216, 21 L. R. A. 645, it is held: "A cause of action may be stated in different counts in order to meet any possible phase of the evidence, and the pleader will not be required to elect on which count he will proceed."

In the case of *Spotswood v. Morris*, 10 Ida. 129, 77 Pac. 216, it was also held that: "When a plaintiff has two or more distinct and separate reasons for the right to the relief he asks, or when there is some uncertainty as to the ground of recovery, the complaint may set forth a single claim in several distinct counts."

To the same effect, see *Darknell v. Coeur d'Alene etc. Transp. Co.*, 18 Ida. 61, 108 Pac. 536; *Edwards v. Hartshorn*, 72 Kan. 19, 82 Pac. 520, 1 L. R. A., N. S., 1050; *Vindicator Consol. Gold Min. Co. v. Firstbrook*, 36 Colo. 498, 10 Ann. Cas. 1108, 86 Pac. 313; *Cripple Creek Mining Co. v. Brabant*, 37 Colo. 423, 87 Pac. 794; *Ross v. Carr*, 15 N. M. 17, 103 Pac. 307; *Hurley-Mason Co. v. Pacific Commissary Co.*, 111 Wash. 439, 191 Pac. 624; *Barto v. Nix*, 15 Wash. 563, 46 Pac. 1033; *Harris v. Warren-Smith Hardware Co.*, 44 Okl. 477, 144 Pac. 1050; 31 Cyc. 122.

A careful reading of the entire complaint convinces us that appellants clearly understood what they would be called upon to meet, which being true, the court committed no error in denying the motion of appellants to make more

definite and certain, which is relied upon by appellants in their fourth assignment of error.

Coming now to assignments Nos. 5 to 12, inclusive, in which appellants complain of the action of the court in refusing to require the jury to make special findings, this being entrusted to the sound discretion of the trial court, which not being abused, it was not reversible error for the court to refuse to request special findings of the jury. (*Lufkins v. Collins*, 2 Ida. 256, 10 Pac. 300; *Burke v. Mc-Donald*, 2 Ida. 679, 686, 33 Pac. 49; *Fodey v. Northern Pacific Ry. Co.*, 21 Ida. 713, 123 Pac. 835.)

Assignments of error Nos. 13 to 16, inclusive, involve the action of the court in refusing to give certain requested instructions offered by appellants. If our position as outlined in this opinion is correct as to the law, the court did not err in refusing to give such instructions.

In assignments of error Nos. 17 to 20, inclusive, objection is made to certain instructions given by the court. We have carefully examined the instructions complained of and find no reversible error committed by the court in giving them.

An examination of the instructions given convinces us that there is no merit in assignment No. 22. There is also no merit in assignments of error Nos. 24, 25, 26, 27, 28, 29, 30 and 31.

Inasmuch as no objection was made nor exception saved to the remarks of the court, complained of in the thirty-second and thirty-third assignments of error, the same are not properly here for consideration.

In their last assignment of error appellants complain of the action of the court in overruling their objection to a question propounded to one of their witnesses upon cross-examination, touching the matter of a compromise. Inasmuch as the testimony sought to be elicited by this question was brought out by the defendant without objection, no reversible error was committed in this respect.

After a careful examination of each of the errors assigned, we are unable to find any reason that would justify a reversal of the judgment as to appellant Myers Cohn.

The judgment as to Myers Cohn is affirmed and the judgment as to Sarah Cohn is reversed. Costs are awarded to respondent.

McCarthy, C. J., and William E. Lee, J., concur.

Dunn and William A. Lee, JJ., dissent on the ground that the evidence does not support a recovery for the full amount of the verdict.

Petition for rehearing denied.