## TERRY v. CUTTS.
### No. 7433.

Court of Civil Appeals of Texas. Austin.
March 26, 1930.

Rehearing Denied April 16, 1930.

N. C. Walker, of San Saba, for appellant.

F. R. Gray, of San Saba, for appellee.

BLAIR, J.

By this suit appellee perpetually enjoined appellant from cutting down and removing a fence which separated and was the boundary fence between appellee's land and that of Mrs. S. A. Terry, mother of appellant, and for whom he acted as agent with respect to all transactions involved in this suit. The fence was constructed by A. L. Simmons, appellee's immediate grantor, wholly upon his land about two feet east of the west boundary line, and at his own expense. Thereafter Simmons authorized appellant to place additional posts and wires in the fence, but without any agreement that appellant was to become part owner of the fence, or that appellant would have the right to thereafter take the part placed by him in the fence. Mrs. Terry's fence joined this fence. Thereafter appellee purchased Simmons' land, and agreed that appellant might remove the posts and wires placed by him in the fence in consideration of appellant furnishing three new wires for the old fence, appellant desiring to construct a deer proof fence eight feet high, some three or four feet west of the old fence, and on the land of his mother. Pursuant to this agreement, appellant purchased the wire for appellee's fence, obtained some additional posts, and had torn down about sixty-six yards of the fence when appellee notified him to stop and to reconstruct the fence. Appellant then gave appellee notice, as required by art. 3953 (Rev. St. 1925), that he would remove the wires and posts he had placed in the fence within six months, whereupon appellee instituted this suit for damages for tearing down the fence and for a temporary injunction restraining appellant from cutting down or taking any part of the fence under his notice to do so, which temporary injunction was granted. Appellant answered the suit, alleging the above contract with appellee as a bar to a recovery of damages and as grounds for dissolving the injunction granted, to which appellee replied that, if the contract was made, which he denied, it was oral and void as being violative of the statute of frauds requiring contracts concerning the conveyance of any interest in real estate to be in writing. To this appellant replied that appellee was estopped to set up the statute of frauds, if applicable, on the ground that he had partly performed the contract to his damages.

The case was tried to the court without a jury, and appellee was denied any recovery of damages on the ground that he had agreed to the tearing down of the fence, but the injunction was made permanent on the grounds that the contract was within the statute of frauds and void, and that appellee was owner of the entire fence, and appellant had no right to a partition of it under his notice; hence this appeal by appellant, praying that we dissolve the injunction upon the following two grounds: (1) That a contract between the adjoining owners for the conveyance of an interest in a partition fence with authority to remove such interest is valid and binding, and not within the statute of frauds; (2) that, if within the statute, part performance of the contract took it out of the statute, and in equity appellee was estopped to urge the invalidity of the contract.

■ We sustain both contentions of appellant. It is true that in the case of Rudisill v. Cross, 54 Ark. 519, 16 S. W. 575, 26 Am. St. Rep. 57, and in some other states, it is held that an oral agreement to construct and maintain a partition fence is such a contract as falls within the statute of frauds, but the weight of authority is to the contrary. Tsuboi v. Cohn, 40 Idaho, 102, 231 P. 708, 39 A. L. R. 851, and the cases cited; 25 C. J. 1035, § 40. Likewise does the great weight of authority hold that adjacent owners may orally divide their partition fence, and that, although such constitutes a contract relating to real estate, it is not a conveyance of real estate within the statutes. McAfee v. Walker, 82 Kan. 182, 107 P. 637, 27 L. R. A. (N. S.) 226, and cases and notes there cited.

In Adair v. Stallings (Tex. Civ. App.) 165 S. W. 140, writ of error dismissed, it was held that an oral contract for the repair and up-

keep of a partition fence was not within the statute, because same might be performed in one year. The question of the invalidity of that contract because not in writing was not raised specifically, but, it having been urged on one ground, we think the court necessarily construed it on all grounds.

But if the contract be regarded as a mere sale of a portion of the fence to appellant, as found by the trial court, still it is not such a fixture as would do injury to the land to remove it, and therefore not within the statute. It is held in numerous cases that, while growing trees or crops are a part of the realty, their parol sale which contemplates immediate separation from the soil is not within the subdivision of the statute of frauds, providing that contracts for the sale of real estate or any interest therein shall be void unless in writing. Groce v. Lumber Co. (Tex. Civ. App.) 165 S. W. 519; Philip A. Ryan Lbr. Co. v. Ball (Tex. Civ. App.) 177 S. W. 232; Davis v. Conn (Tex. Civ. App.) 161 S. W. 39; Lodwick Lbr. Co. v. Taylor, 100 Tex. 270, 98 S. W. 238, 123 Am. St. Rep. 803; Kreisle v. Wilson (Tex. Civ. App.) 148 S. W. 1132. Likewise has it been held that the right to enter upon land and dig for and remove gravel is a mere license, and not an easement or conveyance of interest in the land. Sutton v. Wright & Sanders (Tex. Civ. App.) 280 S. W. 908.

█ The second ground urged is also sustained. All the authorities hold that a part performance of a contract to construct, to maintain, to reconstruct, to divide or partition a boundary fence between the owners and their privies takes the contract out of the statutes, and is a binding contract.

The evidence is undisputed that appellant had partly performed the contract to his damages or injury before appellee notified him to desist, and the trial court should have dissolved the temporary injunction.

The judgment of the trial court is reversed, and the injunction granted is dissolved.

Reversed, and injunction dissolved.