Gerald A. Woolf, court appointed on appeal, Houston, for appellant.

Carol S. Vance, Dist. Atty. & Alvin M. Titus and Connie Williams, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

**Ricky Ray KING, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 62622.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 22, 1982.

Before DALLY, W. C. DAVIS and TEAGUE, JJ.

OPINION

W. C. DAVIS, Judge.

This is an appeal from a conviction for murder. The jury assessed punishment at 99 years' confinement.

In his sole ground of error, appellant challenges the sufficiency of the evidence to support his conviction. A detailed discussion of the evidence follows.

The record reveals that at approximately 4:30 p. m. on July 3, 1978, Robert John Adams was driving his automobile south on Surban Street in Houston, Texas. Adams testified that while driving, he passed a man, later identified as Joseph David Phil-

lips, the deceased, traveling on a bicycle in the opposite direction. Adams stated that the appellant, in a black Mustang, followed the bicycle in the same direction. Adams explained that he had known the appellant for approximately six years and that he and appellant exchanged waves as their cars passed. When Adams was approximately four blocks past the appellant, Adams looked in his rearview mirror and observed the appellant's Mustang "pulled over to the side of the man on the bicycle." [1] Adams then saw the deceased fall off the bicycle and appellant drive away.

Adams returned to where Phillips had fallen from his bicycle and discovered that Phillips had been shot. Adams then went to a nearby church to get help. Approximately one-half hour after the shooting, while Adams was at the church speaking to the pastor, the appellant came to the church. The appellant asked Adams if he saw what happened. Adams testified that he told the appellant "no." Adams stated that the appellant then left the church and walked to the location of the body. Adams further stated that he did not see appellant with a gun and did not hear any shots fired.

Dr. Ethel E. Erickson, assistant medical examiner for Harris County, testified regarding the results of the autopsy performed by her on the deceased. Erickson stated that the deceased had been shot with a .22 caliber weapon. Erickson further explained that the bullet had entered on the left side of the deceased's body, traveled in a straight line through the left lung, and the heart, and lodged in the right lung. Erickson also stated that she could not tell whether death occurred immediately and that people with gunshot wounds in the heart can sometimes run for blocks.

Detective C. M. Ladd, of the Houston Police Department, described the scene of the shooting. Ladd stated that the body of the deceased was found on the west side of

the road,[2] and the bicycle was found about 83 feet southeast of the body.

■ A conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant; proof amounting only to a strong suspicion or mere probability is insufficient. See *Autry v. State,* 626 S.W.2d 758 (Tex.Cr.App.1982); *Rhyne v. State,* 620 S.W.2d 599 (Tex.Cr.App.1981). Every circumstantial evidence case, therefore, must be tested by its own facts to determine the sufficiency of the evidence to support the conviction. See *Autry v. State,* supra.

■ Presence in the vicinity of a crime and flight are not alone sufficient to conclude, beyond a reasonable doubt, that the accused committed the offense. See *Wright v. State,* 603 S.W.2d 838 (Tex.Cr.App.1980) (opinion on rehearing). *Clayton v. State,* 493 S.W.2d 526 (Tex.Cr.App.1973).

■ In the instant case, the evidence placed the appellant in the vicinity of the crime. Appellant's car slowed down while driving by the deceased, then drove on as the deceased fell from the bicycle. There is no evidence that appellant sped away or that he avoided arrest.

In the instant case, the supposition that the shooting may have been committed by another person is not out of harmony with the evidence. Cf. *Sullivan v. State,* 564 S.W.2d 698 (Tex.Cr.App.1978) (opinion on State's motion for rehearing). The testimony of Dr. Erickson indicated that a person with a wound similar to the deceased's could keep moving after being shot, which would be consistent with the deceased's having been shot before the appellant drove by him.

Finally, the State introduced no murder weapon nor did they connect the appellant to a murder weapon.

---

1. Upon cross-examination, Adams admitted that the appellant's car was not stopped, but only slowed down when he observed appellant in the rear-view mirror.

2. The bike and car were traveling in a northerly direction, and Phillips was shot in the left side; therefore, under the State's theory of the events, Phillips would have been on the east side of the road when shot.

We find the evidence insufficient to support the conviction of appellant beyond a reasonable doubt. We therefore reverse and remand with instructions to enter a judgment of acquittal.