**Domingo TURRO, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–91–027–CR.**

Court of Appeals of Texas,
Fort Worth.

Aug. 5, 1992.

Rehearing Denied Sept. 15, 1992.

Discretionary Review Granted
Dec. 23, 1992.

**7.** *See* TEX.CIV.PRAC. & REM.CODE ANN. §§ 154.021(a), 154.022(c); *Downey,* 757 S.W.2d at 525.

Clyde M. Marshall, Fort Worth, for appellant.

Tim Curry, Criminal Dist. Atty., and Charles M. Mallin, Asst., Fort Worth, for appellee.

Before WEAVER, C.J., and MEYERS and DAY, JJ.

## OPINION

MEYERS, Justice.

Appellant, Domingo Turro, appeals from a conviction by the jury of murder. *See* TEX.PENAL CODE ANN. § 19.02 (Vernon 1989). Punishment was assessed by the court at forty-five years confinement.

We reverse.

On May 3, 1987, Turro tried to drive his car through a low water crossing, with Carolyn Williams as a passenger. Turro stopped the car and attempted to drive out of the crossing, but the water swept the car to its side, and it was washed into the raging waters. Turro got out of the water and walked to the home of Frances and Jesus DeLaRosa, who were witnesses at trial. Carolyn Williams' body was discov-

ered the next day, nude and bent over a bush on the side of the creek.

The Tarrant County Medical Examiner, Nizam Peerwani, concluded the death of Carolyn Williams was caused by manual strangulation by an unknown assailant. Dr. Linda Norton, a witness called by the defense, testified the death was caused by drowning.

Dr. Peerwani testified that because there was no rigor in the body when he did the autopsy, the body had been dead for several hours when it went into the water. On cross-examination, Peerwani was confronted with a morgue picture of the body still in rigor. He conceded that the picture showed rigor still in the arms and said he was probably not in the laboratory when the body first arrived.

Dr. Peerwani also testified that there were curvilinear scratch marks on the neck and petechial hemorrhages of the eyeballs. Dr. Norton testified that petechial hemorrhages were found in natural deaths, gunshot wounds, and stab wounds.

Frances DeLaRosa, one of the two eyewitnesses to the accident, said she heard screams of people in the car. Both eyewitnesses said Turro came from the creek soaking wet, scared, and talking about his wife being lost and swept down the creek.

Kathy Hysaw, Carolyn's sister, testified for the first time on this retrial that she overheard a phone conversation between Turro and Carolyn, in April of 1987, in which she claimed Carolyn told Turro he would have to choose between her and Julie, and Turro replied, if you leave me, "no more me and you."

In his first point, Turro argues that the facts admitted in evidence left an outstanding reasonable hypotheses that her death resulted from accidental causes.

In reviewing the sufficiency of the evidence to support a conviction, the evidence is viewed in the light most favorable to the verdict. *Flournoy v. State,* 668 S.W.2d 380, 383 (Tex.Crim.App.1984). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the

crime beyond a reasonable doubt. *Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim.App.1984), *cert. denied*, 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985); *Wilson v. State*, 654 S.W.2d 465, 471 (Tex. Crim.App.1983) (opinion on reh'g).

"This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979).

■ The sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the prosecution's evidence or believe that the defense evidence "outweighs" the State's evidence. *See Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). If there is evidence which establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of the evidence grounds. *See id.*

The standard for review is the same for direct and circumstantial evidence cases. *Butler v. State*, 769 S.W.2d 234, 238 (Tex. Crim.App.1989). Nevertheless, the court of criminal appeals has stated: "when reviewing the sufficiency of circumstantial evidence, we ordinarily utilize the outstanding reasonable hypothesis theory as an analytical tool." *Madden v. State*, 799 S.W.2d 683, 690 (Tex.Crim.App.1990).[1]

■ The State must meet its burden of proof by logically excluding all reasonable hypotheses other than the appellant's guilt before a conviction may be sustained. *Guerrero v. State*, 720 S.W.2d 233, 236 (Tex.App.—Austin 1986, pet. ref'd). This court examined a number of factors in determining the sufficiency of the evidence to show intentional murder: 1) when Carolyn and Turro left her sister's apartment they were not fighting; 2) the signs on the deceased's body indicating physical assault could have been caused by the raging flood waters; 3) there was no confession and Turro's story remained substantially consistent throughout the investigation and trial; 4) the only *res gestae* statements made by Turro were "[m]y wife. The water took my wife. I tried to get her out"; 5) demeanor of Turro immediately after the incident was shock and thereafter full cooperation with police officers; 6) photographs in evidence from the morgue that the body was still in rigor, which was inconsistent with Dr. Peerwani's testimony that the body was dead when it entered the water; 7) evidence that regurgitation found in the lungs is common in drownings; and 8) evidence that blunt trauma to the neck will leave muscular hemorrhaging.

■ When reviewing the verdict under the outstanding reasonable hypothesis theory the conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the accused; proof amounting to only a strong suspicion is insufficient. *King v. State*, 638 S.W.2d 903, 904 (Tex.Crim.App. [Panel Op.] 1982). In the case at bar, it is a reasonable hypothesis that this death could have occurred accidently, and this court finds the State failed to rebut that hypothesis.

Having viewed the evidence in the light most favorable to the verdict, and finding reasonable the hypothesis that the death of Carolyn Williams was accidental, we hold that any rational trier of fact could not have found the essential elements of the crime of murder beyond a reasonable doubt. Turro's first point of error is sustained; therefore, we need not address his remaining points.

Judgment of the trial court is therefore reversed and a judgment of acquittal is ordered.

---

**1.** The court of criminal appeals in *Geesa v. State*, 820 S.W.2d 154, 160–61 (Tex.Crim.App. 1991), overruled the use of "outstanding reasonable hypothesis theory" as an analytical construct. However, the decision was given "limited prospectivity" *and is limited to cases tried after the decision.*