PD-1378-14

RECEIVED IN
COURT OF CRIMINAL APPEALS

December 29, 2014

ABEL ACOSTA, CLERK

No. _____

IN THE

COURT OF CRIMINAL APPEALS

FOR THE STATE OF TEXAS
AT AUSTIN, TEXAS

KEVEN ALVINO YOUNG, SR.

APPELLANT,

V.

THE STATE OF TEXAS,
APPELLEE

APPELLANT'S
PETITION FOR DISCRETIONARY REVIEW

**NO. 02-13-00032-CR**
COURT OF APPEALS
FOR THE SECOND DISTRICT OF TEXAS
AT FORT WORTH, TEXAS

On appeal from Cause Number F-2011-0122-D
in the 362nd Judicial District Court of Denton County, Texas
Honorable Bruce McFarling, Judge Presiding

STEPHEN WOHR

ATTORNEY FOR APPELLANT

APPELLANT REQUESTS ORAL ARGUMENT

# LIST OF NAMES AND ADDRESSES

Mr. Michael Graves, Assistant District Attorney
and
Mr. Rick Daniel, Assistant District Attorney
Denton County Courts Building
1450 E. McKinney, Suite 3100
Denton, Texas 76209

Paul Johnson/Charles Orbison,
Criminal District Attorney
Appellate Division
1450 E. McKinney
Third Floor, Denton, Texas 76209

Mr. Keven Young
TDCJ # 1846840
M. Skles Unit
3060 FM 3514
Beaumont, Texas 77705

Mr. Mr. Carlton Hughes
401 Corporate Drive, Suite 100
Lewisville, Texas 75057

Ms. Debra H. Jones
419 S. Carroll, Suite 200
Denton, Texas 76201
Appellant's Trial Attorneys

Mr. Stephen Wohr
Attorney for Appellant
1417 E. McKinney, Ste. 100
Denton, Texas 76209

Court of Criminal Appeals
P.O. Box 12308
Austin, Texas 78711

# TABLE OF CONTENTS

IDENTIFY OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii-iv

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1-2

STATEMENT OF PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

GROUNDS FOR REVIEW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

REASONS FOR REVIEW: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3-8

PRAYER FOR RELIEF: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

CERTIFICATE OF SERVICE: . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

APPENDIX . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*Keven Young v. State*, No.02-13-00032-CR (Tex. App.–Fort Worth, delivered August 29, 2014)(unpublished).

# INDEX OF AUTHORITIES

## CASE LAW

*Autry v. State*, 626 S.W.2d 758 (Tex. Crim App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Burnett v. State*, 179 S.W.3d 18 (Tex. App.-San Antonio 2005, no pet.) . . . . . . . . . . . . . . . 7

*Easley v. State*, 564 S.W.2d 742 (Tex. Crim. App. 1978) . . . . . . . . . . . . . . . . . . . . . . . . 5

*Givens v. State*, 26 S.W.2d 739 (Tex. App. - Austin 2000) . . . . . . . . . . . . . . . . . . . . . . . . 3

*Gomez v. State*, 183 S.W.3d 86 (Tex. App.--Tyler 2005, no pet.) . . . . . . . . . . . . . . . . . . . 7

*Hopper v. State*, 214 S.W.3d 9 (Tex. Crim. App. 2007) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Jackson v. Virginia*, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed2d 560 (1979) . . . . . . . . . . . . . 3 & 6

*King v. State*, 638 S.W.2d 903 (Tex. Crim. App. 1982) . . . . . . . . . . . . . . . . . . . . . . . . 8

*McKinney v. State*, 177 S.W.3d 186 (Tex. App.--Houston [1st. Dist.] 2005, aff'd on
other grounds, 207 S.W.3d 366 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . . . 7

*Miller v. State*, 177 S.W.3d 177 (Tex. App.--Houston [1st. Dist.] 2005, no pet.) . . . . . . . . . . . 7

*Moff v. State*, 131 S.W.3d 485 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . 6

*Mueshler v. State*, 178 S.W.3d 151 (Tex. App.--Houston [1st. Dist.] 2005, pet ref'd) . . . . . . . . 7

*Scott v. State*, 165 S.W.3d 27 (Tex. App.--Austin 2005, pet granted) . . . . . . . . . . . . . . . . . 7

*Thomas v. State*, 735 S.W.2d 688 (Tex. Crim App. 1988) . . . . . . . . . . . . . . . . . . . . . . 6

*Vodochodsky v. State*, 158 S.W.3d 502 (Tex. Crim. App. 2005) . . . . . . . . . . . . . . . . . . . 7

*Watson v. State*, 204 S.W.3d 404 (Tex. Crim. App. 2006) . . . . . . . . . . . . . . . . . . . . . . 6

*West v. State*, 121 S.W.3d 95 (Tex. App.--Fort Worth 2003, pet ref'd) . . . . . . . . . . . . . . . . 7

*Winfrey v. State*, 393 S.W.3d 763 (Tex. Crim. App. 2013) . . . . . . . . . . . . . . . . . . . . . . 8

*Wright v. State*, 603 S.W.2d 838 (Tex. Crim. App. 1979) . . . . . . . . . . . . . . . . . . . . . . 5

*Yarborough v. State*, 178 S.W.3d 895 (Tex. App.--Texarkana 2005, pet ref'd) . . . . . . . . . . . . . 7

*Zuniga v. State*, 144 S.W.3d 477 (Tex. Crim. App. 2004) . . . . . . . . . . . . . . . . . . . . . . . . . 6

## TREATISES

Wharton's Criminal Evidence, 15th Ed. § 2:3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

## STATUTES

TEX. R. APP. PRO. 68.1, *et seq* (generally) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

TEX. R. APP. P. (general) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

**TO THE HONORABLE JUDGES OF THE COURT OF CRIMINAL APPEALS**

NOW COMES, Keven Young, Appellant in this cause, by and through his attorney of record, Stephen Wohr, and, pursuant to the provisions of TEX. R. APP. PRO. 66, *et seq.*, moves this Court to grant discretionary review, and in support will show as follows:

## I. STATEMENT REGARDING ORAL ARGUMENT

Appellant has raised important questions in this Court and believes that oral argument would help clarify the issues presented in his petition for discretionary review.

## II. STATEMENT OF THE CASE

This case involves a murder charge wherein one of the two witnesses was the only one with Gun Shot Residue (GSR) on her body. Sisters, Ebony Chandler and LaShondra Chandler testified that they did not see the shot fired. However, they claimed that Keven Young, the father of Ebony Chandler's children confronted Desmond Poe and he went into the house with Ebony Chandler. After Desmond Poe returned to the garage where Keven Young and LaShondra Chandler were talking, according to the sisters, Keven Young pulled out a pistol and shot Desmond Poe and then left the scene.

Police Officers searched the garage, finding a slug in the wall. However, the police never searched the home for the murder weapon and in fact did not find the murder weapon, nor did they find GSR on Keven Young. The police did find GSR on Ebony Chandler. Keven Young's vehicle was located, however no one checked the vehicle for GSR. The case was built upon the testimony of the sisters and no other evidence. Ebony Chandler admitted that she was not happy with Keven Young regarding issues related to their children.

On the 14th day of January in the 362nd Judicial District Court of Denton County, Texas,

1

Honorable Bruce McFarling, Judge Presiding, the case of the State of Texas v. Keven Young was called to Jury Trial. The Prosecuting Attorney was Mr. Michael Graves and Mr. Rick Daniel and the Appellant was represented at trial by Mr. Carlton Hughes. A record of the proceedings was made by recording and transcribed by Ms. Molly Bowers, RDR, CRR. **(Court Reporter's Record, Vol. 1 of 6, Pg. 16, L. 16-21).**

The trial was held on capital murder.

The trial by Jury proceeded, and on January 17, 2013, Appellant was convicted on a plea of "Not Guilty" by the murder a lesser included offense of that in the indictment. **(Reporter's Record Vol. 5 of 6, Pg. 5, L. 13-16).** After the close of the punishment phase of the trial, the jury assessed punishment at confinement for life in the Texas Department of Criminal Justice with a $10,000.00 fine. **(Reporter's Record Vol. 5 of 6, Pg. 51, L. 10-21).** On January 17, 2013, after the jury was excused, the Honorable Bruce McFarling pronounced sentence of confinement for life in the Texas Department of Criminal Justice and a fine of $10,000.00. **(Reporter's Record, Vol. 5 of 6, Pg. 53, L. 9-15).**

## III. STATEMENT OF PROCEDURAL HISTORY

Appellate presented one issues in his appellant brief. The conviction was affirmed in an opinion that was not designated for publication, delivered on August 29, 2014. (See Appendix). Motion for Rehearing and Reconsideration En Banc was filed and denied on October 21, 2014. This petition is due to be filed on October 29, 2014.

## IV. GROUNDS FOR REVIEW

**THE EVIDENCE IS FACTUALLY INSUFFICIENT TO SUPPORT THE JURY'S CONVICTION FOR MURDER.**

2

## V. REASONS FOR REVIEW

The evidence presented by the State in Keven Young's case was insufficient. The burden of proof is on the State to present sufficient evidence and that right can not be waived or forfeited. *Givens v. State*, 26 S.W.2d 739, 741 (Tex. App. - Austin 2000) (cites omitted). "The test for legal sufficiency of the evidence is whether, after viewing all the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." *Id.* (cites omitted). The prosecution has the burden of production and the burden of persuasion on the question of guilt and the standard is "beyond a reasonable doubt". *Jackson v. Virgina*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

In this case, there is indeed missing information or alternatively, mis-information. The State built its case around two witnesses Ebony Chandler and her sister LaShondra Chandler. The Chandler sisters stories are basically contradictory. Ebony Chandler and Appellant, Keven Young had two children together. **(Reporter's Record, Vol. 3 of 6, Pg. 48, L. 3-5)**. Ebony Chandler lived with her children and sister. **(Reporter's Record, Vol. 3 of 6, Pg. 47, L. 1-11; Pg. 49, L. 12-14)**. Ebony Chandler testified that she had spoken to Keven Young earlier in the day and that she told him she would call him around 3:00 but she did not call him because "she thought that he would just probably come over to get the kids". **(Reporter's Record, Vol. 3 of 6, Pg. 51, L. 22-25 through Pg. 53, L. 13)**. Later, Ebony Chandler testified that "[i]f we made an arrangement for him to be at that certain time, he would just pop up". **(Reporter's Record, Vol. 3 of 6, Pg. 84, L. 4-12)**.

Ebony Chandler had a rocky relationship with Keven Young but testified that it was basically an amicable relationship. This is contradictory to her testimony regarding the reason she knew Keven Young's license plate number, allegedly to provided it to the police because of the fights they

3

had. (**Reporter's Record, Vol. 3 of 6, Pg. 92, L. 2-5**).

Ebony Chandler testified that she initially locked the door between the garage and the house after the shooting but then opened it to let her sister back into the house and after opening the door went out to her van to get her cellular phone. (**Reporter's Record, Vol. 3 of 6, Pg. 95, L. 18-25 through Pg. 96, Ln. 1-13**). This was despite the fact that her sister had a working cellular phone in the house. (**Reporter's Record, Vol. 3 of 6, Pg. 95, L. 18-25 through Pg. 96, Ln. 1-13**).

Ebony Chandler testified that the weapon she saw Keven Young with was silver while LaShondra Chandler testified that the weapon was black. (**Reporter's Record, Vol. 3 of 6, Pg. 66, L. 1-3**)(**Reporter's Record, Vol. 3 of 6, Pg. 82, L. 4-10**)(**Reporter's Record, Vol. 3 of 6, Pg. 134, L. 21-25 through Pg. 135, L. 1; Pg. 138, L. 7-12**). One sister testified that she saw Keven Young with the gun in his left hand, the other testified that he had it in his right hand. (**Reporter's Record, Vol. 3 of 6, Pg. 71, L. 24-25 through Pg. 72, L. 1; Pg. 82, L. 11-21; Pg. 135, L. 14-25 through P. 136, L. 1**). However, neither sister testified that they saw Keven Young shoot a gun. (**Reporter's Record, Vol. 3 of 6, Pg. 137, L. 4-5; Pg. 137, L. 4-5**).

The officers investigating the offense never looked pasted Keven Young to determine if there were other potential suspects or only superficially looked at other suspects. The investigation was flawed in several aspects. First, the only individual with Gun Shot Residue (GSR) on the person was Ebony Chandler. (**Reporter's Record, Vol. 4 of 6, Pg. 87, L. 10-19**). The GSR found on Ebony Chandler did not prove or disprove she fired a weapon but there was still no search of the home. (**Reporter's Record, Vol. 4 of 6, Pg. 94, L. 4-25 through Pg. 95, L. 1-6**).

Additionally, although Keven Young's vehicle was found while the crime scene investigators were still working the crime scene, the vehicle was not tested for GSR. (**Reporter's Record, Vol.**

4

4 of 6, Pg. 21, L. 2-25 through Pg. 22, L. 1-19; Pg. 23, L. 16-22). (Reporter's Record, Vol. 4 of 6, Pg. 44, L. 10-24)( Reporter's Record, Vol. 4, or 6, Pg. 54, L. 18-25 through Pg. 55, L. 1-9). Detective Teniente testified that GSR will stay on a surface four to five hours and then come off with typical activity. **(Reporter's Record, Vol. 4 of 6, Pg. 65, L. 11-21).**

Second, the investigating officers never searched the home for a weapon or shell casings. **(Reporter's Record, Vol. 3 of 6, Pg. 188, L. 6-16; Vol. 4, or 6, Pg. 47, L. 14-25 through P. 48, L. 1-4).** There were no shell casings found in the house or the vehicle belonging to Keven Young. **(Reporter's Record, Vol. 4 of 6, Pg. 23, L. 18-25 through Pg. 24, L. 1-6).** Third, the officers did not search the house for evidence that either sister might have changed clothes and showered after the murder.

Fourth, Detective Teniente testified that no one ever issued a subpoena for Keven Young's cellular phone records. **(Reporter's Record, Vol. 4 of 6, Pg. 66, L. 20-25 through Pg. 77, L. 1-14).**

## ARGUMENT

In order to prevail in a criminal case, the State must prove beyond a reasonable doubt that the defendant committed the offense for which he/she stands accused. *See, Wharton's Criminal Evidence* § 2.3. In the instant case, the State did not meet its burden of proof. Instead, the State overwhelmed the jury with circumstantial evidence but nothing that was substantial. The two witness who accused Keven Young of the murder of Desmond Poe were sisters. There were clearly issues between Keven Young and Ebony Chandler. The sisters stories were contradictory as set out above. In a circumstantial case, "evidence must exclude every reasonable hypothesis except the guilt of appellant. *Wright v. State*, 603 S.W.2d 838, 839 (Tex. Crim. App. 1979) (*citing, Easley v. State*, 564 S.W.2d 742 (Tex. Crim. App. 1978). Adopting the standard of review in *Jackson v. Virginia*,

5

the *Moff* Court found that the court "*must consider all evidence* which the jury was permitted, whether rightly or wrongly, to consider". *Moff v. State*, 131 S.W.3d 485, 488 (Tex. Crim. App. 2004) (*citing, Jackson v. Virginia*, 433 U.S. 307, 99 S.Ct. 2781, 61 L.Ed2d 560 (1979). Further, the *Moff* Court found the method by which the State proved an element of the offense was deficient or defective. However, an "appellate court must consider *all* evidence actually admitted at trial in its sufficiency review and give it whatever weight and probative value it could rationally convey to a jury". *Id.* at 489 (*citing, Thomas v. State*, 735 S.W.2d 688, 695 (Tex. Crim App. 1988). The *Moff* Court found that the question that an appellant is entitled to have answered is whether any rational jury could have found beyond a reasonable doubt, from all the evidence admitted in the light most favorable to the State, that the appellant committed the offense as charged. *Id.* at 492.

The *Zuniga* Court delineated the precise standard of review for factual insufficiency questions, including, linking the burden of proof at trial to the standard of review and avoiding language suggestive of preponderance of the evidence burden of proof. *Zuniga v. State*, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). Further, after *Zuniga*, the *Watson* Court held that the "evidence supporting guilt can 'outweigh' the contrary proof and still be factually insufficient under a beyond a reasonable doubt standard". *Watson v. State*, 204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (holding that *Zungia* was flawed). In the case at issue herein, the burden of proof was clearly on the State, but the State also was in control of the evidence. They were also in control of what evidence was collected and what evidence it chose to ignore through its agents, the investigating officers.

If evidence is both supporting and contradicting the verdict, and the contrary evidence is so strong that guilt can not be proven beyond a reasonable doubt, then the evidence is factually

6

There was no investigation as to whether GSR was in the vehicle driven by Keven Young. There was no investigation or search of the home of the Chandler sisters for evidence of a cover up, including whether they had bathed, whether they had the murder weapon or anyother important piece of evidence. No one ever searched for evidence of other potential offenders in this case. What the State and its agencies did was to place the burden of proof on Keven Young. Keven Young was faced with the task of proving himself innocent. This is a burden that is not required and this Honorable Court should send a message to the State and her agents that it will not tolerate such insufficient evidence.

In *Winfrey*, the Court found that a "conclusion reached by speculation . . . is not sufficiently based on facts or evidence to support a finding beyond a reasonable doubt. *Winfrey v. State*, 393 S.W.3d 763, 772 (Tex. Crim. App. 2013) (*citing Hopper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007). The evidence presented by the State centered around the testimony of the Chandler sisters. There is no independent evidence that connected Keven Young to the murder. "*Proof amounting only to strong suspicion or mere probability is insufficient*". *King v. State*, 638 S.W.2d 903, 904 (Tex. Crim. App. 1982)(*citing, Autry v. State*, 626 S.W.2d 758 (Tex. Crim App. 1982). As in the *King* case, "the evidence that the shooting may have been committed by another person is not out of harmony with the evidence". *Id.* The State failed to hold up its duty to throughly investigate a crime through its agents. The evidence which was not collected or even searched for leaves a stunning gap in the State's case. It is sad when the State does not do more to protect the rights of every citizens of this State but instead allows its agents to rush to judgment and fails to hold its agents to the task of investigating its case throughly and with complete candor toward insuring that no innocent citizen will be incarcerated for an offense which he/she did not commit.

8

insufficient to support the verdict. *Mueshler v. State*, 178 S.W.3d 151, 157 (Tex. App.--Houston [1st. Dist.] 2005, pet ref'd); *Burnett v. State*, 179 S.W.3d 18, 25 (Tex. App.-San Antonio 2005, no pet.). Further, upon challenge of a verdict premised on factual sufficiency of the evidence to support a conviction, the appellate court should review the evidence in a neutral light and ask whether the State's evidence alone can support proof of guilt, if enough to prove guilt, taken alone, is it against the great weight and preponderance of evidence. *Miller v. State*, 177 S.W.3d 177, 183 (Tex. App.--Houston [1st. Dist.] 2005, no pet.). Courts addressing factual insufficiency of evidence must examine all evidence closely. Not only the evidence that tends to prove the appellate's guilt but also that which negates it. *Gomez v. State*, 183 S.W.3d 86, 88-89 (Tex. App.--Tyler 2005, no pet.); *Yarborough v. State*, 178 S.W.3d 895, 904 (Tex. App.--Texarkana 2005, pet ref'd); *McKinney v. State*, 177 S.W.3d 186, 191 (Tex. App.--Houston [1st. Dist.] 2005, aff'd on other grounds, 207 S.W.3d 366 (Tex. Crim. App. 2006). In examining the case, the courts should review not only the testimony of witnesses for the defense but should also examine alternative hypothesis. *See, Scott v. State*, 165 S.W.3d 27, 39 (Tex. App.--Austin 2005, pet granted); *West v. State*, 121 S.W.3d 95, 111 (Tex. App.--Fort Worth 2003, pet ref'd). Finally, the reviewing court is authorized to disagree with the jury determination. *Vodochodsky v. State*, 158 S.W.3d 502, 510 (Tex. Crim. App. 2005).

In this case, none of the circumstantial evidence, separately or cumulatively, rise to the level of beyond a mere speculation. The evidence is basically inconclusive because the investigators who were charged with throughly investigating the offense, believed the Chandler sisters story and looked no further. This could have been avoided had the investigating officers and detectives done their job. This was nothing more than a rush to convict Keven Young. There was no investigation into the telephone records of Keven Young, which the officers could have obtained very easily by subpoena.

7

## PRAYER FOR RELIEF

WHEREIN, PREMISES CONSIDERED, Appellant respectfully prays that this Court grant discretionary review and, after full briefing on the merits, issue an opinion reversing the court of appeals judgment and remanding the cause to the trial court for a new trial.

Respectfully submitted by:

_____
Stephen Wohr
State Bar No. 21844250
and
Katy R. Klinke
State Bar No. 00784406
Attorneys for Appellant
1417 E. McKinney, Suite 110
Denton, Texas 76209
(940) 382-4166

## CERTIFICATE OF SERVICE

I hereby certify, by affixing my signature above that a true and correct copy of the foregoing *Petition for Discretionary Review*, was mailed through the U.S. Postal Service to the Office of Paul Johnson, Criminal District Attorney, Denton County Courts Bldg., 1450 East McKinney, Denton, Texas 76209 this 19 day of December, 2014.

_____
Stephen Wohr

## CERTIFICATE OF WORD COUNT

I certify that according to the computer generated word court the Petition for Discretionary Review in the cause entitled *"Keven Young v. The State of Texas"*; Cause No. 02-13-00032-CR, the word count is 3,345.

_____
Katy R. Klinke

9

*Keven Young v. State*, No.02-13-00032-CR (Tex. App.–Fort Worth, delivered August 29, 2014)(unpublished).